## MILLS COUNTY v. BROWN COUNTY.

### No. 7335.

1. **Act Creating Mills County.**—The act creating Mills County prescribed that it "pay its pro rata of the liabilities of the four counties from which territory is taken to constitute it, in proportion to the territory taken and the territory remaining in the old county." One-fourth of the territory of Brown County was included within the limits of the new county. In suit by Brown County against Mills County for the pro rata of indebtedness paid by Brown County, it is *held*, that said act measures the liability by the territory taken, and not by its value.

2. **Same—Measure of Liability not Constitutional.**—The spirit of the Constitution requires that the taxable value of the property in the territory taken off, in its relation to the taxable value of the property in the territory left in the parent county, must be the criterion by which the indebtedness between the two counties should be apportioned.

3. **Same—Constitutional Provisions.**—Article 11, section 1, of the Constitution, provides, that "when any part of a county is stricken off and attached to or created into another county, the part stricken off shall be holden for and obliged to pay its proportion of all liabilities then existing of the county from

which it was taken. in such manner as may be prescribed by law." This must be construed in subordination to article 8, section 1, requiring uniformity and equality, in taxation, and the legislation must conform to that article. The provision, therefore, in the act creating Mills County, fixing its liability according to the amount of territory, ignoring the taxable value of the property therein, imposes an unequal burden upon the citizens of such district, and is unconstitutional.

4. **Case in Judgment.**—Brown County sued Mills County for one-fourth of the indebtedness of Brown at the time Mills County was created, paid since it was created. The act creating Mills County cut off one-fourth of the territory of Brown County, and provided that the liability of the new county would be upon the proportion of the territory taken with that remaining in the county from which taken. Suit was brought under the statute by Brown County, and recovery had. On appeal, *held*, that the basis of liability was unconstitutional, and the suit being under it should be dismissed.

APPEAL from Mills.      Tried below before Hon. W. A. BLACKBURN.

*J. R. Cowles, U. Burnes,* and *George Whitaker,* for appellant.—1. Taxation in this State, under section 1, article 8, of the present Constitution, must be equal and uniform. "All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided. by law." Const., art. 8, sec. 1.

2. Unless the laws of this State provide the mode and authorize the levy and collection of taxes for the purpose of discharging a demand of the character involved in this case, the District Court has no authority to direct such levy and collection. Const., art. 8, sec. 1; Rev. Stats., art. 1515; Trinity County v. Polk County, 58 Texas, 321; Myer's Fed. Dec., vol. 6, 155, (par. 366), 628, (par. 1553); Liabilities of Counties, 4 Am. and Eng. Encyc. of Law, 359, sec. 4; 9 Eng. Corp. Cases, 1.

3. The liability of Mills County, or that part of Mills County which was taken from Brown County, for a part of the debt of Brown County, if any such liability exists, should have been measured by the taxable values taken, and not by the amount of territory taken. Const., art. 9, sec. 1, art. 8, sec. 1.

*Thomas Maples* and *R. P. Conner,* for appellee.— 1. The territory taken from Brown County in the creation of Mills County is for the purposes of taxation as separate and distinct as if it had never formed a part of Brown County, and appellant under its proposition presents no issue of fact or law. Const., art. 9, sec. 1; Laws 20th Leg., 25; Morgan v. Beloit, 10 Myer's Fed. Dec., 858, sec. 2176; County Judge of Shelby County v. Shelby Railway, 5 Bush (Ky.), 225; City of Lexington v. McQuillan's Heirs, 9 Dana, 513.

2. The act of the Legislature creating Mills County fixes the standard by which to measure its liability to the counties from which territory was

taken to constitute it. Rev. Stats., arts. 1514 (sec. 8), 1515; Laws of 20th Leg., p. 25, sec. 2; Chickasaw County v. Clay County, 8 Am. and Eng. Corp. Cases, 16; Custer County v. Yellowstone County, 11 Am. and Eng. Corp. Cases, 1.

3. The power of the Legislature to fix the liability of Mills County to the old counties was absolute, and the standard by which to measure it. Const., art. 9, sec. 1; Laws 20th Leg., p. 25; Bass v. Fontleroy, 11 Texas, 706; Fort Worth v. Davis, 57 Texas, 235; Norris v. Waco., 57 Texas, 641; Austin v. Railway, 45 Texas, 234; Commissioners of Laramie County v. Commissioners of Albany County, 10 Myer's Fed. Dec., secs. 2179, 2180, 2184–2187, 2176; Cool. Const. Lim., 4 ed., 68, 208, 210, 213, 221.

4. The classification and arrangement of the provisions of an act form no part of its title, and all provisions that are connected with and come fairly within the object expressed in its title are not obnoxious to the constitutional provision requiring the subject of the act to be expressed in its title. Robinson v. The State, 15 Texas, 311; Battle v. Howard, 13 Texas, 347; Murphey v. Menard, 11 Texas, 673; Austin v. Railway, 45 Texas, 268; San Antonio v. Gould, 34 Texas, 51; Cool. Const. Lim., 4 ed., 175.

5. There is no constitutional inhibition preventing the Legislature from holding other portions of Mills County jointly liable with the part taken from appellee for the pro rata of the indebtedness of appellee, due from the part so taken. Laws 20th Leg., p. 25; Rev. Stats., art. 658; Navigation Co. v. Galveston County, 45 Texas, 284; Austin v. Railway, 45 Texas, 234; Fort Worth v. Davis, 57 Texas, 235; Norris v. Waco, 57 Texas, 641; 10 Myer's Fed. Dec., secs. 2176, 2179, 2180, 2184–2188, 2206; Commissioners of Custer County v. Commissioners of Yellowstone County, 11 Am. and Eng. Corp. Cases, 16; Cool. Const. Lim., 4 ed., 210, 221, 223.

TARLTON, JUDGE, *Section B.*—As a basis for the presentation of the questions involved in this suit, the following statement of its nature is admitted by the parties to be correct: By an act of the Legislature, approved March 15, 1887, Mills County was created out of territory taken from the counties of Lampasas, Hamilton, Brown, and Comanche.

Section 2 of the act provides, that the "new county shall defray all expenses incurred in perfecting its organization, and shall also pay its pro rata of the liabilities of the four several counties from which territory is taken to constitute it, in proportion to the territory taken and the territory remaining to the old county."

One-fourth of the territory of Mills County, the appellant, was taken from Brown County, the appellee.

Under the foregoing act the new county was organized September 12,

1887.   Brown County was at that date indebted in the sum of $60,000 for certain expenditures previously incurred in the erection of public improvements, which remained exclusively within the limits of Brown after the creation of Mills County.   When this suit was instituted, March 4, 1889, Brown County had paid $16,000 of this indebtedness.

In this action appellee sued to recover one-fourth of this indebtedness, claiming that it was entitled to recover a sum bearing the same proportion to the entire indebtedness as the excised territory bears to the entire territory of Brown County before the territory of Mills County was cut off.

The court trying the case without a jury rendered judgment in favor of appellee for one-fourth of the indebtedness which had been paid by Brown County, and directed that the amount adjudged be paid out of the taxes to be collected out of a levy on all property subject to State tax in that portion of Mills County taken from Brown County.   It further ordered, that the "defendant and its County Commissioners Court shall at the first term of levying taxes for county purposes thereafter also levy upon all property subject to State tax in said territory, such tax, not to exceed the amount fixed by law, as will be sufficient to pay off and discharge the judgment; and if the proceeds and collections are not sufficient to satisfy the judgment, then the same proceeding is to be kept up annually until the judgment is satisfied."   The judgment further established the liability of appellant to appellee "for one-fourth of any amount of said indebtedness yet unpaid, which may be hereafter paid by appellee."

Appellant complains of this judgment, and insists, in effect, that if plaintiff was entitled to any relief, that relief should have been granted upon the basis of the relative taxable value of that portion of Mills County taken from Brown, and of the territory remaining with Brown; that to fix the liability of Mills County by the standard of territorial area involves a violation of section 1, article 8, of the State Constitution, requiring that taxation must be "equal and uniform."

In our opinion, the plain verbiage of section 2 of the act creating Mills County, already quoted, measures the liability of the latter by the standard of territorial area, not by that of the taxable value of the property in that territory.   The language requiring payment "in proportion to the territory taken and the territory remaining to the old county" refers to the amount of that territory, not to the taxable value of the property therein situated.   In our opinion the spirit of the Constitution requires that the taxable value of the property in the territory taken off, in its relation to the taxable value of the property in the territory left in the parent county, must be the criterion by which the indebtedness of and between the two counties should be apportioned.   If, therefore, the act itself in

the section referred to violates the Constitution, the judgment, in accordance with this section, should be set aside.

Article 9, section 1, of our Constitution, on the subject of the " creation and organization of counties," prescribes, that " when any part of a county is stricken off and attached to or created into another county, the part stricken off shall be holden for and obliged to pay its proportion of all the liabilities then existing of the county from which it was taken, *in such manner as may be prescribed by law*." This provision must be construed in subordination to article 8, section 1, requiring uniformity and equality in taxation; and the legislation contemplated must conform to that article. The provision of the act creating Mills County, fixing its liability according to the amount of territory, ignoring the taxable value of the property therein, imposed a different burden for the same purpose upon the citizen within that territory than he would have had to bear if there had been no severance of the county. The provision in question is, therefore, unconstitutional and void.

The duty is devolved upon the Legislature to provide for the apportionment of the indebtedness between the old and new county, and for the payment and enforcement thereof, but this duty must not be discharged in an arbitrary way. Regard must be had to the rule requiring the taxation to be " equal and uniform." The propriety of general legislation on this subject is suggested. As the appellee's action is founded upon an unconstitutional provision, the judgment of the lower court should be reversed and the cause dismissed.

*Reversed and dismissed.*

Adopted June 21, 1892.

Motion for rehearing was transferred to Court of Civil Appeals, Third District, and it was refused.