ROCKWALL COUNTY v. ADAMS et al.
(No. 8850.)

(Court of Civil Appeals of Texas. Dallas.
.Oct. 14, 1922. Rehearing Denied
Oct. 28, 1922.)

1. **Eminent domain ⟨⟩6—County may exercise eminent domain within a city under special road act, notwithstanding city's exclusive control of streets.**

That a municipality is clothed with exclusive jurisdiction and authority over its streets, and with the right to exercise eminent domain in municipal affairs, constitutes no reason why a county is without authority to condemn property within such municipality under the authority of a special road law.

2. **Municipal corporations ⟨⟩64—Municipal authority is derived from, and may be abrogated or qualified by, the Legislature.**

The Legislature is the source of whatever authority is bestowed upon a municipality and that authority may be abrogated or qualified by the exercise of the same legislative power which brought it into existence.

3. **Statutes ⟨⟩163 — General statute qualified or set aside for accomplishment of governmental purpose by a specific prescription of legislative procedure by designated agency.**

The provisions of a general statute may be qualified or set aside in a given instance for the accomplishment of a particular governmental purpose, pursued through a specific prescription of legislative procedure, applied by a designated agency.

4. **Eminent domain ⟨⟩6—Legislature may authorize governmental agencies to exercise eminent domain within a municipality.**

The Legislature may authorize, by special enactment, the exercise of eminent domain within a municipality by other than municipal agencies, and the grant of such power constitutes no conflict with or invasion of the rights and powers to condemn property for municipal purposes conferred upon such municipality by general law.

5. **Eminent domain ⟨⟩6—Special road law held to authorize the exercise of eminent domain by county within a city.**

The Rockwall County Road Law, as amended by Loc. & Sp. Acts. 36th Leg. 3d Called Sess. c. 90, empowers the court of county commissioners to condemn any land which, in the exercise of its discretion, it deems necessary, whether such land be within the corporate limits of a municipality or not, this particularly in view of the fact that there already existed a power to condemn property outside of incorporated cities granted by Vernon's Ann. Civ. St. 1914, art. 6860.

6. **Eminent domain ⟨⟩169—Authority from court of county commissioners to county to prosecute condemnation proceedings under special road law unnecessary.**

The petition in condemnation proceedings instituted by the county under the Rockwall County Road Law, as amended by Loc. & Sp.

Acts 36th Leg. 3d Called Sess. c. 90, need not be preceded by an order of the court of county commissioners, Vernon's Ann. Civ. St. 1914, art. 1366, being inapplicable to any character of suit instituted by the county.

Appeal from Rockwall County Court; J. W. Reese, Special Judge.

Condemnation proceedings by Rockwall County against W. H. Adams and others. From a decree in favor of the respondents, the county appeals. Reversed and remanded.

Carl G. Miller and H. M. Wade, both of Rockwall, for appellant.

A. H. Mount, of Dallas, and Neyland & Neyland, of Greenville, for appellees.

HAMILTON, J. Under the provisions of the general laws of Texas, Rockwall county voted to issue its bonds for the purpose of constructing and maintaining macadamized roads in that county. The bonds having been issued and sold, and the proceeds having been paid into the county treasury, the Legislature subsequently enacted a special law more or less specifically directing how the funds derived from this bond issue should be expended in constructing and maintaining the roads, and also directing that certain of the roads constructed should extend through the towns of Rockwall, Fate, and Royse. Acts 36th Legislature, c. 67. Construction of the roads was prosecuted under the directions of this amendment, the supervision of the construction being under the commissioners' court and its advisors, in conformity with the provisions of the law. In the course of the building of one of the roads through the city of Royse, appellant determined to extend it through the property owned by appellees located in that city, said property being of a homestead nature. Having futilely sought to purchase a right of way from appellees through the property, appellant instituted proceedings seeking to acquire it by condemnation. Appellees resisted by filing a plea to the jurisdiction of the court, which was sustained and the suit dismissed. From a decree to this effect, the appeal is prosecuted.

To sustain the judgment of the trial court, appellees proffer an argument which falls into three distinct parts in support of the same number of propositions, which may be stated substantially as follows:

(1) The city of Royse is a municipal corporation with more than 1,000, and less than 5,000, inhabitants, and is incorporated under the general laws of Texas. These facts being established by the record and conceded by appellant, appellees argue that the city of Royse has exclusive jurisdiction over its streets and exclusive power to condemn private property within its corporate limits for street and highway purposes, and that Rock-

wall county is clothed with no authority to exercise the power of eminent domain within the corporate limits of Royse.

(2) The proposition is advanced that the special road law of Rockwall county did not deprive the city of Royse of exclusive control over its streets and its right to open, close, and widen highways within its corporate limits, and conferred no authority upon Rockwall county to condemn private property within the corporate limits of said city.

(3) It is contended that, conceding the special enactment of the Legislature, providing for and governing the construction of macadamized roads in Rockwall county, granted to the county the power and right to condemn private property within the corporate limits of the city of Royse, still the right could be exercised only upon the basis of an order of the commissioners' court first made and entered by it at a regular or special session of the court, and the suit having been instituted upon a petition which did not allege that such order of the commissioners' court had been made and entered, the order dismissing the case was proper.

[1, 2] The fact that the city of Royse is a municipal corporation, which the general laws of Texas clothes with the power to exercise exclusive jurisdiction and authority over its streets and confers upon it the power of eminent domain in municipal affairs, constitutes no reason upon which to rest the contention that Rockwall county is without authority to condemn property within the corporate limits of the city of Royse for the purpose of constructing the road through that city in conformity with the designs and plans of the commissioners' court, and its advisors made under the authority of the special road law. The Legislature is the source of whatever municipal authority is bestowed upon the city of Royse, and that authority may be abrogated or qualified by the exercise of the same legislative power which brought it into existence. The municipal power and municipal existence of Royse rest upon general legislative enactment. They are creatures of the general law.

[3] That provisions of a general statute may be qualified or set aside in a given instance for the accomplishment of a particular governmental purpose pursued through a specific prescription of legislative procedure applied by a designated agency is a sound proposition of law, which need be merely stated to refute the contention that certain municipal powers existing perforce of general statutory authority nullify a special legislative enactment, passed for the attainment of such particular governmental purpose.

[4] The operation of the special enactment within the limits of the municipality is not to be affected because of the exclusive power and control of municipal corporations over streets, or because of the right of eminent domain conferred for municipal purposes. The Legislature is not without power to confer the exercise of right of eminent domain upon other agencies by special enactment, to be exercised by such agencies within the territorial confines of the municipality. The grant of such power to, and the exercise of it by, Rockwall county for the purpose of constructing the road through Royse constitute in fact no conflict with, or invasion of, the rights and powers conferred upon Royse by general law to control its streets and condemn private property for municipal uses and purposes. The exclusive control of streets and the power of eminent domain reposed in Royse, for municipal purposes are unimpaired and undisturbed by the provision in the road law for the exercise of eminent domain.

The Rockwall county road law is a special act passed for the accomplishment of a purpose as to which it contains unusual mandatory requirements. It is characterized by the unusual and emphatic feature that the construction of macadamized public roads by Rockwall county is not only authorized, but by its terms particular and mandatory requirements are made for the location and direction of the road involved here. In this respect, as well as in others, the discretion of the functionaries clothed with the control of the work required to be performed is circumscribed by legislative command. Section 13 of the special road law requires that the road be extended through the towns of Rockwall, Fate, and Royse, and section 15 explicitly makes the building of the road through these towns compulsory. Gammel's Laws of Texas, vol. 19, 208, et seq. This act is an amendment to the road law of Rockwall county existing at that time, and became effective March 15, 1919. By amendatory act an amendment was passed June 18, 1920 (Loc. & Sp. Acts 36 Leg. 3d Called Sess. c. 90), the only purpose of which was to confer upon the commissioners' court of Rockwall county special authority to occupy any land and to acquire material, etc., for the purpose of building the roads for the building of which the Legislature had already provided. Under this last-named amendment these proceedings were instituted. The amendment reads as follows:

"If it shall appear expedient or necessary to the commissioners' court of Rockwall county, Texas, for the purpose of straightening, widening, or draining any established road, or to build, repair, or maintain any public road, to take or occupy any land or to use any timber, earth, sand, clay, gravel, rock or other necessary material, the commissioners' court may enter upon, occupy and take such land as is needed and take and use such timber, earth, clay, gravel, rock or other material most convenient therefor, but in such cases the owner thereof shall be paid out of the road and bridge fund or the special road bond fund, as the court may determine, a fair compensation for the

same, as may be agreed upon by such owner or his agent and the court; provided, however, should said owner or his agent and the court fail to agree upon the compensation to be paid therefor, then the said county, upon the order of said court at any regular, special or called term of said court, may proceed to condemn said land or such timber, earth, clay, gravel, rock, sand or other necessary material in the same manner that a railroad company or interurban company could under the laws now existing or to be hereinafter passed, may condemn land for right of way, and the same proceedings may be had and the same rights as to all parties shall be given and afforded as if the proceedings were by a railroad company under the general laws of the State, provided the county shall not be required to give bond; and provided further that the provisions hereof shall not be held as a repeal of this provision of the general laws now in force or to be passed relative thereto and said Rockwall County may proceed under the general laws or hereunder as the commissioners' court may desire or decide."

[5] This law clearly empowers the commissioners' court of Rockwall county to condemn any land which, in the exercise of its discretion, as provided in section 7 of the 1919 amendment (Loc. & Sp. Acts 36th Leg. c. 67), it deems necessary to acquire at any point on the road designated by the Legislature, whether such point be within the corporate limits of Royse or not. Under this provision the commissioners' court may proceed in the same manner that a railroad company or interurban company may follow in acquiring right of way by condemnation.

The law does not direct that the road shall extend only through the streets of Royse. The requirement as to the location of the road in the towns of Rockwall, Fate, and Royse through which the Legislature projects them is expressed in this language:

"The highway to be constructed under federal and state aid shall commence at the Dallas county line and pass through the town of Rockwall and across the public square and through the town and streets of Fate and through the city of Royse to the county line unless some provision of the requirement of the federal and state government prohibits."

A reading of this section reveals that by the use of discriminating language the location of the road was placed upon the public square in Rockwall and upon the existing streets in Fate, while it was extended "through the city of Royse" without regard to existing thoroughfares. These differences in language between the designation of the road in Rockwall and Fate on the one hand and Royse on the other strongly suggest a careful design in the mind of the Legislature, and that it was the purpose of the Legislature to leave the location of the road in Royse to that discretion of the commissioners' court provided for in section 7 of the 1919 amendment.

The full effect of appellees' petition is that, as Royce has acquired, under the general laws of Texas, control of its streets and the power of eminent domain in municipal affairs, the state is impotent to exercise the power of eminent domain within Royse through any other special agency for any purpose howsoever much specially provided for by a special law. Such view is clearly untenable.

Unless the power of eminent domain may be exercised by the commissioners' court within the confines of Royse, then the construction of the road through that town in conformity with the discretion particularly given the commissioners' court in section 7 of the 1919 amendment is subject to be defeated by the caprice or obstinacy of an owner of property in Royse. The public welfare with reference to the construction of a state highway to the building of which both state and federal funds are contributed might thus be rendered subservient to the arbitrary whim of a single person. Only some constitutional barrier to the exercise of the authority given by the law within the limits of Royse would constitute a bulwark from which appellees could successfully resist condemnation proceedings, and, since no mandate of the Constitution is contravened by the law, it clothes the commissioners' court with the valid power to acquire the property in the manner pursued.

The very fact that the power of condemnation for opening the highway through private property was conferred by an amendment to the law embodying this solitary provision conclusively discloses to us a legislative intent to endow the commissioners' court with this particular power within the corporate limits of municipalities. Otherwise, the amendment accomplished nothing more than to embody in the special law authority already possessed by the commissioners' court under general law, for the general law clothes commissioners' courts with the power to condemn property for the purpose of opening and widening roads outside of incorporated cities. Article 6860, V. R. C. S.

[6] The judgment cannot be sustained by virtue of the proposition that the petition failed to allege that the commissioners' court had already entered an order authorizing the action for condemnation to be instituted. No such requirement is embodied in the amendment. To support the theory that such an order was a necessary prerequisite, appellees cite Yantis v. Montague County, 50 Tex. Civ. App. 403, 110 S. W. 161, and Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872. These cases merely announce and apply the statutory requirement that a county shall not be sued upon a claim, unless it shall have first been presented to the commissioners' court for allowance and that body shall have neglected or refused to allow it. Article 1366, V. R. C. S. Since this statute renders necessary

that proof of compliance with its provisions shall be made, such facts are jurisdictional, and under the law of pleading they must be alleged to admit such proof as a vital requisite to recovery. The statute is inapplicable to any character of suit instituted by a county itself, such as the instant suit, and the cases cited therefore have no application.

The judgment is reversed, and the cause remanded.