PRESIDIO COUNTY v. JEFF DAVIS COUNTY.

No. 939.

**1.  Counties—Liability of New County for Debts of Old—Uniformity in Taxation.**

Article 9, section 1, of the Constitution, provides that any part of a county which is created out of another county shall be liable for its proportion of all the existing liabilities of the county from which it was taken, and the Act of the 20th Legislature, page 27, creating Jeff Davis County from territory forming a part of Presidio County, provides that such new county shall be liable for a pro rata share of the legal debts of the parent county, and declares that "there shall be set apart so much of the county taxes levied and collected upon the property situated in the portion taken from Presidio County annually, as will be sufficient to speedily liquidate said existing debts, if any, and the said pro rata to be based upon the value of the property taken from the parent county for each year of the existence of said debt, to be determined from the tax rolls of the said county as made by the board of equalization."   Held, that the act does not violate section 1, article 8, of the Constitution, requiring that taxation shall be equal and uniform.

**2.  Same—Presentment of Claim to Commissioners' Court.**

Article 677 of the Revised Statutes, providing, as a condition precedent to a suit against a county, that the claim sued on shall have been first presented to the County Commissioners' Court, and disallowed in whole or in part, is applicable to a suit by one county against another formed therefrom, to enforce the statutory liability of the new county for the payment of its share of the debts of the parent county.

APPEAL from Presidio.    Tried below before Hon. C. N. BUCKLER.

*P. H. Clark* and *Falvey & Davis,* for appellant.—1.    The court erred in sustaining defendant's plea to the jurisdiction for the following reasons:    The Act of the Legislature creating defendant county was in fact, but by the court held not to be, unconstitutional as to that part which provided for the payment and mode of payment and remedy for non-payment by the new county of its pro rata of the legal debt of the old county.

2.    Said act as to the provision and method of pro-rating the debt of the parent county, is unconstitutional, because said provision, rule for estimating, and method of payment, is vague, uncertain, and indeterminable, differing from the rule, and imposing a burden different from the rule of the Constitution.

*Barnard & McGown,* for appellee.—1.    The Act of March 15, 1887, establishing Jeff Davis County out of Presidio County, and fixing the manner of determining its pro rata share of the then existing debt of the parent county, is in strict conformity with the Constitution, and its terms control the general law passed on April 26, 1893.

2. Suit cannot be prosecuted against a county upon a claim until it has been presented to the Commissioners' Court for payment. Plaintiff's petition alleged that the bonds had never been presented, and the court correctly held that it could not maintain this suit. Rev. Stats., art. 677; Holman v. Comal Co., 34 Texas, 37; Caldwell Co. v. Herbert, 68 Texas, 321; Callaghan v. Salliway, 5 Texas Civ. App., 239; Sayles' Plead. & Forms, sec. 404.

NEILL, ASSOCIATE JUSTICE.—This suit was brought April 25, 1895, in the District Court of Presidio County by appellant against Jeff Davis County, which was on April 26, 1893, created and taken from the territory of Presidio County, to recover from the appellee its proportion of the liabilities of appellant existing at the date of the creation of the county of Jeff Davis, whose proportion of the liabilities was alleged to be $19,410 of bonded and $7313 of unbonded indebtedness, aggregating $26,723.

The appellee answered (1) by pleading its privilege of being sued in the District Court of its own county, because the cause of action arose under the Act of its creation, and the claims sued upon had, before the passage of the Act of April 26, 1893, been sued upon in the District Court of Jeff Davis County, which had jurisdiction thereof, and been dismissed; and (2) by special exception to appellant's petition upon the ground that it appeared the claims had not been presented to the Commissioners' Court of defendant county for allowance before institution of suit.

The cause was submitted to the trial judge, who sustained appellee's plea to the jurisdiction as to so much of the action as was for the unbonded indebtedness, and held the exception well taken as to the suit for the bonded indebtedness, and entered a judgment dismissing the suit.

By the Act of April 26, 1893, suits of this character may be brought by the parent county either in the District Court of the parent county, or in the District Court of the newly created county; but the act provides that its provisions shall not apply to any county the claims against which have already been placed before courts having jurisdiction thereof and tried or dismissed under laws that were at such time constitutional. Gen. Laws 23 Leg., 124.

Section 2 of the Act of the 20th Legislature (p. 27) creating Jeff Davis and other counties provided, "That each of said new counties shall pay a pro rata share of the legal debts of the county from which they are created, and there shall be set apart so much of the county taxes levied and collected upon the property situated in the portion taken from the county of Presidio, annually, as will be sufficient to speedily liquidate said existing debts, if any, and the said pro rata to be based upon the value of the property taken from the parent county for each year of the existence of the said debt, to be determined from the tax rolls of the said county, as made by the board of equalization."

The contention of appellant is that this section is unconstitutional,

and its claim against appellee, which had been placed before the District Court of Jeff Davis County and dismissed, does not come within the proviso of section 1, of the Act of the 26th of April, 1893, and that therefore the court erred in sustaining appellee's plea to its jurisdiction.

The Constitution (article 9, section 3) provides that when "Any part of a county is stricken off and attached to or created into another county, the part stricken off shall be holden for and obliged to pay its proportion of all the liabilities then existing of the county from which it was taken, in such manner as may be prescribed by law." It will be seen that section 2, above quoted, of the Act creating Jeff Davis County, is in obedience to this provision, and clearly prescribes the manner the new county is held and bound to pay its proportion of the existing liabilities of the parent county when it was created. But, as "this provision of the Constitution must be construed in subordination to article 8, section 1, requiring uniformity and equality in taxation" (Mills County v. Brown County, 85 Texas, 391), it is contended the required uniformity and equality is not preserved by the act creating the new county. We are unable to see why it is not. It seems to us that such uniformity and equality is rigidly preserved. If Jeff Davis County had never been created, and its territory had always remained a part of Presidio, the liability of such territory for its pro rata share of the legal debts of Presidio County, as they existed on March 15, 1887, would have rested upon the same basis and been determined in the same manner as under the provisions of the section quoted. The provision in the Act under consideration is different from the one in the law creating Mills County. It provided that the new county shall pay its pro rata of the liabilities of the four several counties from which territory was taken to constitute it, in proportion to the territory taken and the territory remaining to the old county, thus "ignoring the taxable value of the property therein, and imposing a different burden for the same purpose upon the citizen within that territory than he would have had to bear if there had been no severance of the county." Mills County v. Brown County, supra. A citizen of Jeff Davis County under the provisions of the act creating it has the same burden of taxation for the debt sued for that could have rested upon him had its territory never been severed from Presidio. Therefore we conclude, as the Act of March 15, 1887, is constitutional, and as a part appellant's cause of action arose and was brought under it before and dismissed by, a court having jurisdiction thereof, anterior to April 26, 1893, that the court did not err in sustaining appellee's plea to its jurisdiction. This conclusion is upon the assumption that the evidence was sufficient to establish the allegations in such plea, there being no statement of facts in the record.

There being no exceptions made by appellant to the plea, the assignments which complain of its insufficiency will not be considered.

Article 677 of Revised Statutes provides that, "No county shall be sued unless the claim upon which suit is founded shall have been first

presented to the County Commissioners' Court for allowance, and such court shall have neglected or refused to credit and allow the same or any part thereof." This condition precedent to suit on a claim against a county was intended to save it and its taxpayers from the costs and expenses incident to litigation by giving the county the opportunity, through its Commissioners' Court, of passing upon the demand and allowing the claimant everything that he could obtain by suit. The law makes no exception to it in favor of claims of one county against another, and if courts were disposed to, they would have no authority to engraft upon the statute such an exception. Hence, we conclude that the trial court did not err in sustaining the exception before mentioned to appellant's petition.

The judgment of the District Court is affirmed.

*Affirmed.*

Delivered March 25, 1896.

Application for writ of error dismissed.