### G. R. YANTIS V. MONTAGUE COUNTY ET AL.

Decided April 25, 1908.

**1.—Suit Against County—Preliminary Conditions.**

While counties are declared by statute to be bodies corporate and politic, they are so closely identified with the sovereign power, the State, that they cannot be sued except upon the terms prescribed by the statute. Under the provisions of article 790, Revised Statutes, a county cannot be sued until the claim has been presented to and rejected by the Commissioners' Court.

**2.—Same—Pleading.**

In a suit by a physician against a county for services rendered during an epidemic, there being no allegation in the petition that the claim had been presented to and rejected by the Commissioners' Court of the county, a general demurrer was properly sustained to the same.

Appeal from the District Court of Montague County. Tried below before Hon. Clem B. Potter.

*Graham & Williams,* for appellant

*Chas. F. Spencer* and *Chambers & Cook,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant instituted this suit against Montague County and her County Judge and other members of the Commissioners' Court to recover the sum of twelve hundred and twelve dollars on account of services rendered by him as a physician during an epidemic of smallpox. The suit was later dismissed as to the County Judge and members of the Commissioners' Court, and upon the hearing, appellees' general demurrer to the petition was sustained. Appellant having declined to amend, the suit was dismissed, and the questions presented to us on this appeal relate alone to the sufficiency of appellant's petition.

Appellant alleged that the disease named was contagious and had reached proportions threatening the welfare of the entire county, whereupon the County Judge and other members of the Commissioners' Court, "acting by and through J. K. Thomas," one of the Commissioners, entered into a contract with the plaintiff, who was then and is now a practicing physician living in Montague County, Texas, the tenor and effect of which contract was that said plaintiff would give his personal time and attention professionally to the prevention of further spread of said disease and to relieving those then afflicted therewith, thus preventing universal spread of said disease and resulting in a suppression thereof, said defendants agreeing with said plaintiff that plaintiff should be adequately compensated for the services so to be rendered by him." It was alleged that pursuant to the contract appellant rendered the

amount of service as shown in an itemized list referred to, and that such services were reasonably worth the several amounts charged therefor, which aggregated the sum for which he sued.

·There was an effort made in the petition to further show liability on the part of Montague County on the ground that the contract before mentioned had been expressly approved by the County Judge, George S. March, acting for Montague County, which it is contended operated in effect as an appointment as county physician, for whose services as specified the county was liable. But whether, as appellant insists, a liability exists for services so performed, in the absence of an established quarantine, which is not alleged, and in the absence of any salary agreed upon, as required by Revised Statutes, article 4339, we need not decide. Nor need we determine the legal effect of the contract declared upon, in as much as there is no allegation in appellant's petition that the claim sued upon, by whatever right prosecuted, had been presented to the Commissioners' Court of Montague County for allowance, and that such court had neglected or refused to audit and allow the same or any part thereof. Article 790 of the Revised Statutes provides that: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the County Commissioners' Court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof." While counties by the statutes are declared to be bodies corporate and politic, they are so closely identified with the sovereign power, the State, as that we find no justification for holding that they can be sued except upon terms prescribed by the statute in cases where the statute undertakes to provide the conditions. Where a statute, as here, expressly prohibits the institution of the suit before something has been done, the prohibition can not be disregarded without judicial legislation, and the requirement of the statute quoted has been frequently upheld in this State. (City of Sherman v. Shobe, 94 Texas 126; Anderson v. Ashe, 99 Texas, 447; Mills Co. v. Lampasas Co., 90 Texas, 603; Hohman v. Comal Co., 34 Texas, 37; Norwood v. Gonzales Co., 79 Texas, 218; Bell Co. v. Flint, 91 S. W., 329.) In the case last cited it was expressly held by the Court of Civil Appeals for the Third District that "the presentation to the Commissioners' Court for allowance and rejection by such court, is a prerequisite to the bringing of a suit on a claim against a county," and it was adjudged that a petition failing to allege such presentation and rejection was subject to a general demurrer. By the Act of the Twenty-ninth Legislature ·(Laws 1905, page 381) the appointment of an auditor is authorized in counties in which there may be a city of twenty-five thousand population. It is provided in the Act referred to that in such counties all claims, bills, and accounts against the county shall be examined and approved by such auditor before action thereon by the Commissioners' Court, and it was held by our Supreme Court in the case of Anderson v. Ashe, 99 Texas, 447, that such examination and approval of the auditor was a condition precedent to the exercise of jurisdiction over the claim by the Commissioners' Court. So here, we think, a compliance on appellant's part with Revised Statutes, article 790, is a condition precedent to his right to maintain his suit, and his petition having omitted an aver-

ment of such prerequisite was subject to the general demurrer sustained by the court.

It follows that there was no error in the action of the court on the demurrer and that the judgment must be affirmed.

*Affirmed.*