## GAINES COUNTY v. HILL.
### No. 2385.

Court of Civil Appeals of Texas. El Paso.
Feb. 13, 1930.

A. L. Duff, of Seminole, and T. S. Christopher, of Lamesa, for appellant.

Garland & Yonge, of Lamesa, for appellee.

PELPHREY, C. J.

In January, 1929, the commissioners' court of Gaines county, being desirous of opening a new road between the towns of Seminole and Seagraves in said county, appointed A. J. Roach, F. D. Stark, R. M. Halley, W. R. Mitchell, and C. C. Cothes as a jury of view to lay out said road.

On April 15, 1929, a report from said jury of view was filed in the county court of Gaines county containing field notes for the proposed road and their assessment of the damages to the different owners of the property affected thereby.

It is agreed that 13.6 acres of appellee's land was taken, that the jury of view assessed

his damage at $10 per acre, and that the commissioners' court upon such report awarded him damages in the sum of $204.

Appellee filed on May 21, 1929, his petition in the county court of Gaines county, in which he objected to the assessment made by the jury of view and the award of the commissioners' court. He alleged the land taken to be worth $22 per acre, that the cost of fencing and rearranging his farm would be $355, and that the value of the remainder of his land would be deteriorated in the sum of $500.

Appellant answered by general demurrer, general denial, pleas in abatement, plea to the jurisdiction, special exceptions, and specially alleged that the damages allowed by the commissioners' court were the full measure of appellee's damage, and that the land of appellee had been benefited rather than damaged by the location of the road. After appellant's motion for an instructed verdict had been overruled by the court, the cause was submitted to a jury upon special issue.

In response to such issues, the jury found that the reasonable market value of the land taken was $297; that appellee was damaged, by reason of the road running through his land, in the sum of $683; that he was benefited by the road running through his land in the sum of $554; and that he was damaged in the sum of $275 by reason of the necessity of constructing fence. Upon the findings of the jury the court rendered judgment in favor of appellee for $701. The county has appealed from that judgment to this court.

Appellee has presented to us a motion to strike appellant's brief, for the reason that the assignments of error therein are based upon appellant's amended motion for a new trial which appellee contends was not presented to or passed upon by the trial court, and that leave of the court was not obtained for the filing of such amended motion.

By verified answer attorney for appellant asserts that the amended motion for new trial was in fact presented to the special judge who tried the case and was by him overruled. This affidavit, together with the fact that the amended motion is found in the transcript of the case, we think sufficient to entitle the brief presenting the points raised therein to be considered. Appellee further objects to a consideration of the brief because it does not contain verbatim copies of any assignments of error filed in the trial court as provided for in rule 32. The propositions shown in the brief are copies of the grounds presented in the motion for a new trial, and, while not strictly in accordance with the rules of briefing, should be considered. The motion to strike is therefore overruled.

The following questions are presented by appellant's brief: (1) That appellee's petition was subject to appellant's general demurrer;

(2) that, appellee not having brought his suit in conformity with the provisions of the statute governing appeals from justice courts, appellant's plea to the jurisdiction should have been sustained; (3) that appellee's allegations as to the cost of building fences as a separate item of damage should have been stricken out on appellant's motion, and that the court erred in submitting that question to the jury as a separate item of damages; (4) that the evidence was wholly insufficient to support the jury's finding as to such damage; (5) that, there being no evidence of a claim for general damages having been presented to the commissioners' court, evidence as to such damage should have been excluded; (6) that the issues submitted to the jury were uncertain and conflicting, and answers thereto could form no basis for the assessment of legal damages; and (7) that the general charges given by the court in connection with the special issues were improper and misleading to the jury.

Appellant contends that the claim here presented falls within the provisions of articles 1573 and 1660 of the Revised Civil Statutes.

Article 1573 reads: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."

And Article 1660 reads: "All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners' court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

And that the petition not setting forth the presentation to, and the refusal to audit and allow the claim by, the commissioners' court, was fatally defective, and that its general demurrer should have been sustained.

Appellee, on the other hand, contends that such articles do not apply, but that the procedure in such cases is governed by the provisions of article 6710, which reads: "Any such owner may, at the time stated in such notice, or previously thereto, but not in any event thereafter, present to the jury a written statement of the damages claimed by him, incidental to the opening of such road, and thereupon the jury shall proceed to assess the damages, returning their assessment and the claimant's statement with their report. If the commissioners' court approves the report

and orders such road to be opened, they shall consider the assessment and damages by the jury and the claimant's statement thereof, and allow to such owner just damages and adequate compensation for the land taken. When same are paid or secured by special deposit with the county treasurer to the credit of such owner and after notice of such payment or deposit to the owner, and if no objection is made to the jury's report, said court may proceed to have such road opened, if deemed of sufficient importance. Said owner may appeal from such assessment as in cases of appeal from judgment of justice courts, but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages."

Appellant cites McLennan County v. Miller (Tex. Civ. App.) 257 S. W. 680, 681, as supporting its contention. We have carefully studied that decision, and do not believe it to be applicable to the facts here presented.

In the course of the opinion, the court said: "Appellee testified that he was on his land about 9 o'clock November 12th for not more than 10 minutes, and did not see any member of the jury of view, that he did not file any claim for damages with the jury of view, *and did not appeal from the order of the commissioners' court approving the report of the jury of view* (italics ours), nor appeal from the award made by the jury of view, and that he had never filed any claim with the commissioners' court for damages."

As can be seen, the suit there was an independent one for damages, and not an appeal, as provided for in article 6710. We do not believe that articles 1573 and 1660 apply to the case at bar.

Article 6710 provides that an owner may appeal to the county court from the assessment made by the commissioners' court, and seems to authorize such action on his part without going through the formalities of either having his claim audited by the county auditor or presenting same to the commissioners' court. The same article provides that the owner shall file a claim with the jury of view, and makes it the duty of that body to return such claim into the court along with their report.

As we view the question, the above article provides a special procedure for cases arising thereunder. By article 6710 the county is required to take the initiative and assess the damages, which was done here. When this was done, appellee had the option to accept or reject the offer so made. Having rejected it, as shown by his act in appealing from the assessment that he was not satisfied with the amount allowed, to require him to further present a claim to the commissioners' court would be a requirement which we think the law never intended. The evident purpose of the articles depended on by appellant was to require persons to give to a county an opportunity to pay, or refuse to pay, claims against, before being sued, and was passed as a protection to the county.

In the present case appellee's claim was presented to the jury of view, who under the statute were the only persons to whom he was required to present it, the commissioners' court, after a hearing decided upon an award, and appellee, being dissatisfied, appealed to the county court.

Appellee was not bringing suit upon a claim against the county, but was merely appealing from an award for damages the county had made to him, after proceedings to condemn his property had been begun by the county and not by him.

The above views call for the overruling of appellant's assignments Nos. 1, 2, 7, and 11.

■ Appellant in its third and fourth assignments contends that the appeal in this case is governed by the law relating to appeals from justice court, and that no appeal has been perfected because the record here contains no transcript of the proceedings in the commissioners' court and no certified bill of costs in said court.

We cannot agree with such contention. Appellee filed his petition in the county court within ten days, and his failure to have filed in said court a proper transcript on appeal as provided for in article 2459 could have been taken advantage of only by a motion to dismiss for want of prosecution, which was not done. In the case of Flake v. H. C. Meacham Co. (Tex. Civ. App.) 13 S.W. (2d) 897, such a motion was filed, and this court upheld the action of the trial court in dismissing the cause for want of prosecution, but not on the ground that jurisdiction had not attached in the county court.

The amended transcript here contains the original report of the jury of view, a certified copy of the order of the commissioners' court placing $204 on deposit to the credit of appellee in payment of the right of way across his land, and a certified copy of appellee's claim.

If this should not be considered a sufficient transcript on appeal, then we think the matter has been remedied by the agreement of the parties to the effect that appellant had taken 13.6 acres of land; that the jury of view appointed appraised the damage at $10 per acre, had duly reported to the commissioners' court; that upon such report the commissioners' court had awarded appellee damages in the sum of $204; that the road had been ordered opened and the above sum deposited by special deposit to the credit of appellee. It can readily be seen that appellant's plea to the jurisdiction was properly overruled.

200

■■ Appellant excepted to and moved the court to strike out the following paragraph of appellee's petition: "Second: That the cost of fencing and work in rearranging said farm would be $355.00, to which extent your petitioner will be damaged by reason of the construction of said road."

The contention of appellant is that the cost of fencing is not a proper item of damage to be considered separately and alone as alleged in the petition, but is merely one of many elements which may be considered by the court or jury in arriving at the question of fact as to whether the land not taken for the road has been deteriorated in value.

Conceding the correctness of appellant's contention that the cost of fencing was an element of damage and not a separate item which appellee was entitled to, we cannot agree that the motion to strike out such allegation was good. In his petition, appellee was setting out the amount of damages for which he was contending, and in separate paragraphs was alleging the amounts which he would suffer by reason of the opening of the road. He first alleged that the value of the land taken was $22 per acre; second, what the fencing would cost; and, third, the amount he claimed the remainder of the land would be deteriorated in value. Appellant's sixth proposition, and the assignment of which it is a copy, merely being "the judgment is not supported by the evidence," is too general to be considered.

■ The eighth proposition complains of the court's action in submitting the several special issues, claiming that they are uncertain and conflicting, and the answers thereto afford the court no basis to render a judgment for the lawful, legal, and proper measure of damages in a case of this character. The issues complained of are as follows:

"1. What is the reasonable fair market value of the land so taken? Answer in dollars and cents.

"2. What are the damages sustained by the plaintiff, if any, by reason of the road running through his land? Answer in dollars and cents.

"3. What are the benefits sustained by the plaintiff, if any, by reason of the road running through his land? Answer in dollars and cents.

"4. What are the damages, if any, caused plaintiff by reason of the necessity of his constructing fence?"

In its objections to the charge appellant objects to issues Nos. 1 and 3, and, while we do not desire to be understood as holding that the case was properly submitted, we can revise only such portions of the charge as were properly objected to in the lower court.

Issue No. 1 was as to the value of the land taken, and was certainly a proper issue, and is not subject to the objections made to it.

Issue No. 3 was as to the benefits sustained by appellee by reason of the road running through his land, and was also a proper issue. From the argument in appellant's brief, we gather that the objections urged were intended to be leveled at issue No. 4, but, in the objections to the court's charge as found in the transcript, the objection is made to the submission of issue No. 3.

■ In its ninth and tenth propositions appellant complains of the charge of the court in which an instruction was given on the burden of proof and the giving of certain general charges. Suffice it to say that no objection was made to any portion of the charge that same was general in its character and improperly submitted in a case of special issue. The objection here made, not having been made in the trial court, cannot be considered.

Basing our conclusion solely upon those questions which have been properly presented to us for revision, we find no reversible error, and the judgment of the trial court is affirmed.