**WILLACY COUNTY v. KUDOR et al.**

No. 8640.

Court of Civil Appeals of Texas. San Antonio.

Nov. 4, 1931.

Rehearing Denied Dec. 16, 1931.

Jesse G. Foster, of Raymondville, for appellant.

Crane & Hartwell, of Raymondville, for appellees.

On Appellant's Second Motion for Rehearing.

SMITH, J.

The commissioners' court of Willacy county undertook to lay out a public road across and condemn lands owned by Mrs. S. V. Kinser and W. H. Kudor, nonresidents of the county, and others. The petition for the road was filed with the commissioners; the jury of view was appointed; notice was given; a hearing was had by the jurors.

It appears that three-eighths and three-fourths of an acre of the lands of Kudor and Mrs. Kinser, respectively, were taken outright for the public use. But the jury of view found that the lands of each were to be so greatly benefited by the construction of the new road that none of the landowners were damaged, and no compensation was allowed for the lands actually taken.

The jury's award was filed and approved by the commissioners' court, which allowed damages to the owners in the sum of $1 each. The landowners filed objections to this award, but did not appeal therefrom, as in cases tried in justice courts, as provided by statute. Article 6710, R. S. 1925. Subsequently, however, they brought this direct suit in the county court against the county for trespass, and recovered judgment for $125 in favor of Kudor and $75 in favor of Mrs. Kinser, which the jury found to be the market value of the lands actually taken from them by the county. The latter has appealed.

It is apparent that appellees have failed to pursue either of several remedies afforded them by law to protect their constitutional right to compensation for the land taken by appellant for public purposes. First, appellees failed to file a statement of their claim for damages, as required in article 6710, R. S. 1925, in which it is provided that, at the hearing by the jury of view, after notice thereof, the landowner "may, at the time stated in such notice, or previously thereto, but not in any event thereafter, present to the jury a written statement of the damages claimed by him, incidental to the opening of such road." Second, they did not appeal from the award of the commissioners' court in confirmation of the report of the jury of view, as provided in said article 6710. Third, they did not present any claim of their damages to the commissioners' court as a basis for the present independent suit for damages for trespass upon land. Having failed to pursue these remedies, appellees were not entitled to recover. Norwood v. Gonzales County, 79 Tex. 218, 14 S. W. 1057; McLennan County v. Miller (Tex. Civ. App.) 257 S. W. 680; Bell County v. Flint (Tex. Civ. App.) 91 S. W. 329, 330 (Writ Refused); Morgan v. Oliver, 60 Tex. Civ. App. 210, 129 S. W. 156 (Writ Refused); Stevens v. Jim Wells County (Tex. Civ. App.)

32 S.W.(2d) 889; Gaines County v. Hill (Tex. Civ. App.) 25 S.W.(2d) 197.

Appellant's second motion for rehearing is granted, and the judgment is reversed and judgment here rendered for appellant. All former opinions of this court will be withdrawn, and this opinion substituted in lieu thereof.