

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*Lee V-1149*
*Cameron Co v. ████*
*(24. Com. App.)*
*61 SW 2d 483*

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-6663
Re: Duties of county auditor
in respect to certain
claims against the county.

We have received your recent communication in
which you propound the following questions:

"1. Am I, as Auditor, required by law to
disapprove a bill not approved by me,
or is the failure to approve a bill
equivalent to a disapproval?

"2. If I, as Auditor, am required to either
approve or disapprove a bill, by overt act,
then what are the mechanics and methods of
disapproving a bill?

"3. Does the Commissioners' Court have the au-
thority to require me to submit claims (or
bills) to the court which I have disapproved
or which have not been acted on by this
Court?

"4. Does the Commissioners' Court have the au-
thority to consider bills which have not
been approved by Auditor?

"5. Should all bills which I have failed to
approve remain on file in my office for
public record, be turned over to the
Commissioners' Court, or filed with the
County Clerk?"

Honorable W. P. Herms, Jr., page 2

Article 1660, Revised Civil Statutes of Texas, provides as follows:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

Article 1661, R. C. S., provides as follows:

"He (the auditor) shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be counter-signed by the county auditor."

The county auditor's examination and approval of all claims contemplated by said next hereinbefore quoted articles is a condition precedent to the exercise of jurisdiction over such claims by the commissioners' court. See Wyatt Metal and Boiler Works vs. Lipscomb, 87 S. W. (2d) 331; Anderson vs. Ashe, 99 T. 447, 90 S. W. 874; and Yantis vs. Montague County, 50 C. A. 403, 110 S. W. 162.

Honorable W. P. Herms,   Page 3

Some types of claims, however, need not be presented to the county auditor for approval before they can be approved and paid by the commissioners' court. See Nacogdoches County vs. Winder, 140 S. W. (2d) 972; Nacogdoches County vs. Jinkins, 140 S. W. (2d) 901, error refused; Gaines County vs. Hill, 25 S. W. (2d) 197; Southern Surety Co. vs. McGuire, 275 S. W. 845.

We assume that the claims about which you inquire are such as are within the contemplation of Articles 1660 and 1661, supra.

The plain wording of said Article 1660, supra, in regard to a claim, bill or account is that the "auditor shall examine the same and stamp his approval thereon." This is, of course, when he approves same. There is no procedure described in said article as to the methods used by the auditor when he disapproves a claim, bill or account. We believe, in the absence of an express statutory directive that the most reasonable and practical method of showing the auditor's disapproval of such claim would suffice, whether it be stamping his disapproval thereon, writing it thereon, returning the claim to its owner or verbally informing such owner of the disapproval of such claim. We also believe the "pigeon-holing" of a claim, i. e., the failure of the auditor to take any positive action at all in regard to such claim would, in some instances, constitute a disapproval of same.

We believe the foregoing fully answers your first two questions.

We answer your questions Nos. 3 and 4 categorically as follows:

Nos. 3 and 4:  No, for the reason that the commissioners' court has no jurisdiction over such claims as are not approved by the auditor.

In regard to your question No. 5, we point out that we find no statutory authorization for any further action to be taken by you in respect to a certain claim when once you have disapproved same. The final disposal of such

Honorable W. P. Herms, page 4

disapproved claim is merely a procedural matter that is left to the good judgment of the officers with whom same was filed.

In addition to the foregoing questions, you further ask us a general question as to the legal status of a certain order passed by your commissioners' court in which such court orders and directs you, as county auditor, to approve or reject certain claims mentioned therein, "together with all other claims properly filed with him (you) which have not been acted on by this court, and to immediately submit same to this court for their consideration." (word in parenthesis added for clarity.)

We believe the next above described order to be in the nature of a writ of mandamus. Tex. Jur., Vol. 28, p. 515, defines the writ of mandamus "as a command or order issuing from a court of competent jurisdiction requiring some officer, inferior court, or corporation to perform some duty enjoined by law." The Constitution of Texas (Art. 5, Sec. 16) provides that the "county court or judge thereof" shall have power to issue writs of mandamus, and Art. 1957, R. C. S. T., also provides for the issuance of same by the county judge, but, after a diligent search of the statutes and the Constitution, we fail to find where the commissioners' court is given this authority. It is well settled that commissioners' courts can only exercise powers conferred by the Constitution and laws. See Moore vs. McLennan Co., 275 S. W. 478.

This being so, we feel it unnecessary to discuss such order further as the commissioners' court clearly had no authority to issue same.

We trust the foregoing fully answers your questions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*

Robert L. Lattimore, Jr.
Assistant

RLL:LJ

APPROVED JUN 25 194
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN