**COUNTY OF BEXAR, Appellant,**

v.

**Maria Lucy GARCIA, Appellee.**

No. 04–97–00676–CV.

Court of Appeals of Texas,
San Antonio.

March 11, 1998.

Rehearing Overruled April 21, 1998.

Leslie J.A. Sachanowicz, Magda L. DeSalme, Asst. Crim. Dist. Atty., San Antonio, Mario P. Bordini, Mata & Bordini, Inc., San Antonio, for Appellant.

Glen D. Mangum, Law Offices of Glen D. Mangum, San Antonio, for Appellee.

Before HARDBERGER, C.J., and GREEN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Appellant, Bexar County, appeals an interlocutory order denying its plea to the jurisdiction and motion to dismiss.

### BACKGROUND

Bexar County filed a petition in district court to obtain judicial review of the Texas Workers' Compensation Commission's decision that Maria Lucy Garcia should receive compensation. Garcia counterclaimed, alleging that Bexar County violated the Anti–Retaliation Act by firing Garcia in retaliation for her workers' compensation claim. *See* TEX. LABOR CODE ANN. §§ 451.001 (Vernon 1996). Bexar County then filed a plea to the jurisdiction and a motion to dismiss because Garcia had failed to comply with section 81.041 of the Local Government Code, which states:

> (a) A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim.
>
> (b) If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.

TEX. LOCAL GOV'T CODE ANN. § 81.041 (Vernon 1988). It is undisputed that Garcia did not present her claim to the Bexar County Commissioner's Court before she filed her counter-claim. The plea to the jurisdiction and motion to dismiss were denied, and it is this denial that Bexar County is appealing. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1998) (stating that person may appeal from interlocutory order that grants or denies governmental unit's plea to jurisdiction).

### STANDARD OF REVIEW

The question of whether Garcia was required to comply with section 81.041 is a question of law. When a trial court must make a determination of the legal principles controlling the issue before it, the court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal." *Id.*

### PURPOSE OF SECTION 81.041

Bexar County argues that compliance with section 81.041 is a limited waiver of sovereign immunity and is, therefore, a jurisdictional requirement that Garcia was required to comply with before she filed her counter-claim. Bexar County argues that, because Garcia did not comply with section 81.041, the trial court should have dismissed Garcia's counter-claim.

For the legislature to waive sovereign immunity, it must do so in clear and unambiguous language. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980). For example, the Texas Tort Claims Act states that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon 1997). The Private Real Property Rights Preservation Act states that "[s]overeign immunity to suit and liability is waived and abolished to the extent of liability created by this chapter." TEX. GOV'T CODE ANN. § 2007.004(a) (Vernon Supp.1998). The Whistleblower Act states that "[a] public employee who alleges a violation of this chapter may sue the employing

state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." TEX. GOV'T CODE ANN. § 554.0035 (Vernon Supp.1998).

■ In section 81.041, the legislature does not state that it waives county immunity from suit. Instead, it states that a party must present the commissioners. court with its claim and the commissioners court must neglect or refuse to pay all or part of the claim before the party can file suit. *See* TEX. LOCAL GOV'T CODE ANN. § 81.041 (Vernon 1988). The legislative intent, then, is to give commissioners court notice of the claim and an opportunity to investigate and settle the claim. *Bowles v. Wade,* 913 S.W.2d 644, 650 (Tex.App.—Dallas 1995, writ denied). Therefore, the section is not a waiver of immunity, but instead sets forth a condition precedent to filing suit. *See Farmers State Bank v. Bowie County,* 127 Tex. 641, 644, 95 S.W.2d 1304, 1305 (Tex.Com.App.1936) (holding that presentment requirement is condition precedent to filing suit); *accord Lovell v. Bynum,* 315 S.W.2d 20, 22 (Tex.Civ.App.—Austin 1958 writ ref'd, n.r.e.); *McLennan County v. Miller,* 257 S.W. 680, 681 (Tex.Civ.App.—Waco 1923, no writ); *Bogue v. Van Zandt County,* 138 S.W. 1065, 1066 (Tex.Civ.App.—Dallas 1911, no writ); *Yantis v. Montague County,* 50 Tex.Civ.App. 403, 110 S.W. 161, 162 (1908, no writ); *Presido County v. Jeff Davis County,* 13 Tex.Civ.App. 115, 35 S.W. 177, 178 (1896, writ ref'd).

Our decision that compliance with section 81.041 is a condition precedent, not a waiver of immunity, does not end our inquiry. We must also determine if compliance with section 81.041 is mandatory and if so, whether the trial court should have dismissed Garcia's counter-claim.

### NECESSITY OF COMPLIANCE WITH SECTION 81.041

■ Although compliance with section 81.041 is a condition precedent to filing suit, compliance is not mandatory if the purpose of section 81.041—to give commissioners court notice and opportunity to investigate

and settle—is otherwise met. For example, if the plaintiff is appealing a county's assessment of damages, the suit does not have to be presented to commissioners court. *See Gaines County v. Hill,* 25 S.W.2d 197, 199 (Tex.Civ.App.—El Paso 1930, no writ) (holding that because plaintiff was originally required to present his claim to county auditor for assessment under different statute, plaintiff was not also required to present claim to commissioners court). Further, if the statute the plaintiff is suing under has its own notice or exhaustion of remedies requirement, then the purpose of section 81.041 is met and the plaintiff is not required to present the claim to commissioners court. *See Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex.App.—Austin 1996, writ denied) (holding that because Whistleblower Act requires plaintiffs to exhaust all remedies before suing, governmental entity is notified of claim and section 81.041 purpose is met); *Harris County v. Dillard,* 841 S.W.2d 552, 557 (Tex. App.—Houston [1st Dist.] 1992) (holding that plaintiffs suing county under Texas Tort Claims Act need not comply with section 81.041(a) because Act requires plaintiff to give notice of claim within six months of injury), *rev'd on other grounds,* 883 S.W.2d 166 (Tex.1994); *accord Rosales v. Brazoria County,* 764 S.W.2d 342, 344 n. 3 (Tex.App.—Texarkana 1989, no writ); *Harris County v. Dowlearn,* 489 S.W.2d 140, 145 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), *disapproved of in part on other grounds by State Dep't of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 239 n. 3 (Tex.1992).

■ For a suit brought under the Anti–Retaliation Act, which does not have its own notice provision, we conclude that a claimant is required to comply with section 81.041 before filing suit. Otherwise, the purpose of section 81.041 would be thwarted in that commissioners court would have no opportunity to investigate and settle claims before suit is filed. Thus, Garcia was required to give the section 81.041 notice before she counter-sued the county.

### REMEDY

Having decided that Garcia was required to comply with section 81.041 before she

counter-sued Bexar County, we must now decide if the trial court should dismiss her counter-claim, abate the entire case until the presentment requirement is fulfilled, or hold that Bexar County waived the notice requirement. *See Hines v. Hash,* 843 S.W.2d 464, 468 (Tex.1992) (explaining that failure to give mandatory notice does not necessarily require dismissal).

Bexar County argues that the trial court should have dismissed the counter-claim because courts have held that failure to present the claim to commissioners court is a complete bar to recovery. *See Messer v. County of Refugio,* 435 S.W.2d 220, 227 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n.r.e.) (holding that recovery was barred because plaintiff had not presented claim of crop damage to commissioners court); *Turner v. Live Oak County,* 107 S.W.2d 1103, 1104–05 (Tex.Civ.App.—San Antonio 1937, writ dismissed) (affirming take-nothing judgment because failure to present claim to commissioners court barred establishment of cause of action); *Willacy County v. Kudor,* 43 S.W.2d 974, 974 (Tex.Civ.App.—San Antonio 1931, writ ref'd) (barring recovery of jury verdict because plaintiffs did not present claim to commissioners court before filing suit); *Stevens v. Jim Wells County,* 32 S.W.2d 889, 890 (Tex.Civ.App.—San Antonio 1930, no writ) (stating that failure to present claim to commissioners court cannot be cured). However, these cases were brought to the appellate courts after judgment had been rendered and at a time when abatement was not one of the choices before the appellate courts. Therefore, these cases are distinguishable from a case such as this one where the issue is presented to the appellate court on an interlocutory appeal.[1]

To support its argument that the counter-claim should be dismissed, Bexar County also cites to *Bowles,* which states that section 81.041 gives a party standing to invoke the trial court's subject matter jurisdiction. *Bowles,* 913 S.W.2d at 651. However, the Fifth Court of Appeals confuses standing with sovereign immunity, which it does not

discuss. A plaintiff has standing when she is personally aggrieved, regardless of whether she is acting with legal authority. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). Therefore, it is the injury that gives a person standing to sue the county, not section 81.041.

Bexar County also argues that because the notice of actual death or injury provision in the Texas Tort Claims Act has been interpreted as a perpetual bar to suit, then the notice provision in section 81.041 is a perpetual bar to suit and should be dismissed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1997) (stating that government entitled to notice of claim within six months of injury); *Kamani v. Port of Houston Auth.,* 702 F.2d 612, 615 (5th Cir.1983) (holding that notice requirement of Tort Claims Act is limit on waiver of sovereign immunity). The notice provision in the Texas Tort Claims Act, however, is defined in terms of the date of the injury. Therefore, failure to provide notice cannot be cured by abatement unless the suit is filed and the mistake discovered within the six-month time-frame.

■ Section 81.041, however, is more comparable to the Medical Liabilities Act and the DTPA than the Texas Tort Claims Act. The notice provisions in the Medical Liabilities Act and the DTPA are defined in terms of the date suit is filed. *Compare* TEX.REV.CIV. STAT. ANN. art. 4590i § 4.01(a) (Vernon Supp. 1998) (stating that notice of claim must be given sixty days before filing suit) *and* TEX. BUS. & COMM.CODE ANN. § 17.505(a) (Vernon Supp.1998) (stating that written notice of claim must be given sixty days before filing suit) *with* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1997) (stating that notice of claim to be given within six months of injury). Accordingly, the failure to comply with these notice provisions can be cured by abatement of the cause of action for the duration of the statutory notice period. *See Hines,* 843 S.W.2d at 468–69 (holding that purpose of DTPA notice provision is to dis-

---

1. In 1997, the Texas Legislature established that interlocutory orders granting or denying a plea to the jurisdiction by a governmental unit are appealable. Act of June 20, 1997, 75th Leg.,

R.S., ch. 1296, § (1)(a)(8), 1997 Tex. Gen. Laws 4936, 4937 (codified at TEX CIV. PRAC. & REM CODE ANN. § 51.014(a)(8) (Vernon Supp.1998)).

courage litigation and encourage settlement, and therefore case should be abated, not dismissed, to correct failure); *Schepps v. Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex.1983) (holding that purpose of the notice provision is to encourage pre-suit negotiations and avoid excessive costs of litigation, and that purpose can be accomplished by abatement). Failure to comply with section 81.041 can also be cured by abatement because no statutory time frame is given. Therefore, the trial court did not abuse its discretion when it denied Bexar County's plea to the jurisdiction and motion to dismiss.

However, we cannot simply affirm the trial court's order and instruct the trial court to abate the suit for a reasonable time so that Garcia can present her claim to commissioners court. Cases are to be abated only if the defendant timely requests an abatement. *Hines*, 843 S.W.2d at 469. "[T]he request for an abatement must be made while the purpose of notice—settlement and avoidance of litigation expense—remains viable. Thus, defendant must request an abatement with the filing of an answer or very soon thereafter." *Id.* Otherwise, the defendant waives notice. *Id.*

In the trial court, Bexar County requested a dismissal, not an abatement. Whether settlement is still viable, and therefore whether the case could be abated if Bexar County moves for abatement, is a matter best left to the discretion of the trial court. Therefore, we overrule Bexar County's point of error and affirm the trial court's order.

HARDBERGER, C.J., concurring.

HARDBERGER, Chief Justice, concurring.

Although I concur in the majority's affirmance of the trial court's order, I disagree with the majority's analysis and conclusion that presentment is a prerequisite to filing a claim under the Anti–Retaliation Law.

"The waiver of governmental immunity is a matter addressed to the Legislature." *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995). In order for the Legislature to waive immunity, it must do so by clear and unambiguous language. *Id.* By enacting section 504.002 of the Texas Labor Code, the Legislature waived immunity from liability for claims under the Anti–Retaliation Law. *Kuhl v. City of Garland*, 910 S.W.2d 929, 931 (Tex.1995).

The majority contends that section 81.041 of the Local Government Code serves as a condition precedent to a suit against a county, not as a waiver of immunity. If this contention were true, a county could not be sued even after presentment if the claimant could not prove waiver of immunity through another source. However, section 81.041 has not been so narrowly construed but has been held to authorize a claimant to sue the county after rejection of her claim by the commissioners court. *Jensen Const. Co. v. Dallas County*, 920 S.W.2d 761, 770 (Tex.App.—Dallas 1996, writ denied); *see also Missouri Pac. R.. Co. v. Browns Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970)(noting predecessor statute authorized suit after filing of claim prior to institution of the suit); *Harris County v. Hermann Hosp.*, 943 S.W.2d 547, 550 (Tex.App.—Eastland 1997, no writ)(relying upon 81.041 as authority for lawsuit against county). Thus, the Legislature enacted section 81.041 to generally authorize suits against the county after presentment, effectively waiving immunity from such suits.

The Legislature also enacted the Anti–Retaliation Law to enable employees to bring suit against a county for wrongfully terminating an employee in retaliation for filing a worker's compensation claim. *Cf. Gregg County v. Farrar*, 933 S.W.2d 769, 773 (Tex.App.—Austin 1996, writ denied)(noting Whistleblower Act creates specific cause of action in addition to general claims allowed under section 81.041). By enacting this statute and permitting suits to be brought against a county for such claims, the Legislature could have incorporated a notice provision into the statute, but for whatever reason, the Legislature chose not to include a notice requirement. The majority opinion conditions the waiver of immunity for Anti–Retaliation Law claims despite the absence of a clear expression of such a condition in the statutory provisions creating the claim and granting the waiver. *See* TEX. LABOR CODE ANN.

§§ 451.001–003, 504.002–504.003 (Vernon 1996). Thus, the majority takes a matter addressed to the Legislature and refines the Legislature's resolution of that matter. The Anti–Retaliation Law does not require presentment of a claim to the Commissioner's Court—it would probably be a waste of time to do so. But, whatever the reason, presentment is not required by the clear language of the statute. The majority now requires it. I would follow the statute's wording. Had the Legislature wanted to make presentment a requirement, they would have done so. Since they did not, neither should we.

Because the Legislature did not condition the waiver of immunity for claims arising under the Anti–Retaliation Law upon presentment under section 81.041, I would affirm the trial court's order and permit Garcia to proceed with her counterclaim.