TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00862-CV

Travis County, Texas, Appellant

v.

Pelzel & Associates, Inc., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. 95-12465, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING

CONCURRING OPINION

 Although I concur in the majority's affirmance of the district court's order, I do not
join in the majority's conclusion that jurisdiction is conferred by the presentment statute. For the
Legislature to waive sovereign immunity, it must do so in clear and unambiguous language. 
Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980). For example, the Texas Tort Claims Act
states that "sovereign immunity to suit is waived and abolished to the extent of liability created by
this chapter." Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (West 1997). Other statutes
allow for waiver by providing that a governmental entity may "sue or be sued." Missouri Pac.
R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970) (statute enabling
governmental entity to "sue or be sued" waives immunity from suit); Alamo Community College
Dist. v. Obayashi Corp., 980 S.W.2d 745 (Tex. App.--San Antonio 1998, pet. denied) (statute
enabling school district to "sue and be sued" waives immunity from suit). As long as the language
of the statutory provision "leaves no reasonable doubt" that the Legislature intended that sovereign
immunity be waived, perfect clarity is not required. City of LaPorte v. Barfield, 898 S.W.2d 288,
292 (Tex. 1995). But clarity is not present here.

 Here, section 89.004 (a), which is entitled, "Presentation of Claim," provides that
"a person may not sue on a claim against a county unless the person has presented the claim to the
commissioners court and the commissioners court has neglected or refused to pay all or part of
the claim." Holding specifically that the statute is a notice requirement and is not jurisdictional,
the supreme court concluded that "the presentment requirement of section [89.004] is intended to
advise the commissioners' court of the claim and afford it an opportunity to investigate and adjust
it without litigation." Essenburg v. Dallas County, 988 S.W.2d 188, 189 (Tex. 1998); see also
County of Bexar v. Garcia, 974 S.W.2d 107, 109 (Tex. App.--San Antonio 1998, no pet.)
(compliance with this section not a waiver of immunity). There may well be jurisdiction, but this
is not the statute that confers it. The waiver of sovereign immunity--in the sense of granting
consent to sue, as opposed to conduct constituting waiver--is a matter addressed to the Legislature. 
Until the Legislature speaks with clearer voice, I think it is not appropriate to attribute the intent
of waiver to it where the purpose of the statute in question is clear and a resolution of the issue
is not necessary to the disposition of this case.

 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Filed: October 19, 2000

Publish