Henry J.N. TAUB, Appellant,

v.

**HARRIS COUNTY FLOOD CONTROL DISTRICT and Harris County, Appellees.**

No. 01–00–00343–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 10, 2001.

Rehearing Overruled June 27, 2002.

Robert Brown, David M. Cox, Houston, for Appellant.

Michael P. Fleming, Stephen A. Smith, Houston, for Appellees.

Panel consists of Chief Justice SCHNEIDER and Justices COHEN and SMITH.*

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

This is an appeal of an order granting appellees' plea to the jurisdiction and dismissing appellant's Petition for Bill of Review. We affirm.

## BACKGROUND

On November 12, 1975, the presiding judge of the 152nd District Court of Harris County, signed an agreed final judgment partitioning property that was in dispute in the case styled *C.A. Dwyer 1962 Trust v. Ben Taub*, No. 919,342. Plaintiffs were two trustees of the trust and one individual. Defendants were 13 individuals, in-

cluding Ben Taub and Henry J.N. Taub. Plaintiffs and defendants were joint owners of two tracts of property totaling 3,298.668 acres in Harris County. Attached to and incorporated in the judgment were descriptions by metes and bounds of each individual's share of the partitioned property. The agreed judgment also created easements on the property for drainage and flood control, roadways, and public utilities. Descriptions of these easements by metes and bounds were also attached to the judgment.

In 1983, Harris County filed a suit against Henry J.N. Taub ("Taub") to condemn approximately 2.5 acres for use as an outfall ditch. Taub filed a counterclaim and a third-party action against Harris County Flood Control District for breach of promise, inverse condemnation, fraud, conspiracy, and other actions. These claims were based on the district's failure to abandon and backfill two easements owned by the district before 1975 and which, according to Taub, the district promised to abandon and backfill in return for the easements granted the district in the 1975 judgment. The jury awarded Taub almost $1.8 million in damages, but the jury found that Taub knew of most of his causes of action more than four years before filing suit. These causes of action were, therefore, barred by limitations. The judgment, signed September 9, 1992, awarded Taub $148,694 in damages, and Taub appealed. This Court affirmed the judgment in *Taub v. Harris County, Texas and Harris County Flood Control District*, No. 01–93–00007–CV, 1996 WL 122626 (Tex.App.—Houston [1st Dist.] March 21, 1996, no writ).

In September 1993, during the pendency of his appeal of the 1992 judgment, Taub

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

filed a petition for bill of review of the 1975 judgment, naming Harris County and Harris County Flood Control District as defendants. Taub alleged that he consented to the 1975 judgment because of numerous material representations regarding actions to be taken by the District and that, when he made a demand, the District refused to perform as promised. He also alleged that the promises to perform constituted a contract, which the District breached. He asked for rescission of the 1975 judgment to the extent of cancelling the easements because of the breach of contract or, in the alternative, the setting aside or modification of the portion of the judgment granting the easements because of changed circumstances. In amended petitions, he added requests for specific performance of the promises and recordable evidence of abandonment of the prior easements and alleged new causes of action for fraud and breach of new promises made by a county engineer in trial testimony in the condemnation suit.

On February 10, 2000, the County and the District filed an amended plea to the jurisdiction contending that the trial court did not have jurisdiction under the doctrine of sovereign immunity. The plea also contended there was no jurisdiction because (1) there was no contract between Taub and the District resulting either from statements made before the rendition of the 1975 judgment or from statements made during testimony in the condemnation trial; (2) the District and County were not parties to the complained-of judgment and Taub's claims were not issues in that judgment; (3) the easement dedication could not be rescinded by the grantors; and (4) Harris County had already been dismissed by Taub from the current lawsuit. The trial court granted the plea to the jurisdiction, and Taub appealed.[1]

## STANDARD OF REVIEW

■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Reyes v. City of Houston*, 4 S.W.3d 459, 461 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). Subject matter jurisdiction is a question of law and cannot be waived. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). A plaintiff must allege facts affirmatively showing that the trial court had subject matter jurisdiction. *Id.* at 446. To determine subject matter jurisdiction, we must look to the plaintiff's pleadings, take the allegations as true, and construe the pleadings in favor of the pleader.[2] *See id.; Reyes*, 4 S.W.3d at 461.

---

1. The sequence of events relating to these two cases is as follows:

   Nov. 12, 1975 *C.A. Dwyer 1962 Trust v. Ben Taub:* agreed final judgment signed.

   1983 *Harris County v. Henry J.N. Taub:* condemnation suit filed; Taub counterclaimed against Harris County Flood Control District for claims related to 1975 judgment.

   Sept. 9, 1992 *Harris County v. Henry J.N. Taub:* final judgment awarding Taub $148,694 for condemned property; Taub appealed.

   Sept. 1993 *C.A. Dwyer 1962 Trust v. Ben Taub:* Henry Taub filed petition for bill of review of 1975 judgment.

   March 21, 1996 *Harris County v. Henry J.N. Taub:* 1992 judgment affirmed in *Taub v.*

   *Harris County and Harris County Flood Control District.*

   Feb. 10, 2000 *C.A. Dwyer 1962 Trust v. Ben Taub:* Harris County and Harris County Flood Control District filed amended plea to jurisdiction asserting sovereign immunity.

   March 8, 2000 *C.A. Dwyer 1962 Trust v. Ben Taub:* final order on bill of review granting plea to jurisdiction; Taub appeals.

2. Although we may consider evidence when necessary to resolve the jurisdictional issues raised, *see Bland Independent School District v. Blue,* 34 S.W.3d 547, 555 (Tex.2000), there are no jurisdictional facts at issue in this case.

## DISCUSSION

In his sole issue, Taub contends the trial court erred by granting the amended plea to the jurisdiction. He argues that (1) sovereign immunity from suit does not apply in this case because the legislature waived immunity in section 89.004(a) of the Texas Local Government Code (formerly section 81.041)[3] and (2) except for the issue of sovereign immunity, the District's assertions in the plea are affirmative defenses or denials of liability and are, therefore, not jurisdictional.

### The District's and County's Defenses

■ We agree that the issues in the District's plea—that there was no contract between the District and Taub, the District and County were not parties to the original lawsuit, the dedication of the easement could not be rescinded by the grantors, and that Harris County was nonsuited by Taub—were defenses to Taub's claims, not jurisdictional defects. These defenses could have been asserted in a motion for summary judgment, but they were inappropriate for a plea to the jurisdiction. Therefore, we need consider only the issue of sovereign immunity from suit as a ground for granting the plea to the jurisdiction.

### Sovereign Immunity

■ As a general rule, the State, its agencies, and its political subdivisions are immune from tort liability based on the doctrine of sovereign immunity. *Travis v. City of Mesquite*, 830 S.W.2d 94, 104 (Tex. 1992). In addition, when the State contracts with private citizens, it retains immunity from suit even though it waives immunity from liability. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408

(Tex.1997). Sovereign immunity bars a suit unless the State expressly gives its consent to the suit. *Id.* at 405. The State may consent to suit by statute or by legislative resolution. *Id.* Legislative consent for suit or other waiver of immunity must be "by clear and unambiguous language." *University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994).

■ In his petitions, Taub asserted in his jurisdictional statement, "Jurisdiction and venue are proper in this Court because this Court granted the Final Judgment complained of in the bill of review." He also stated, in separate paragraphs, that the County and District were governmental agencies and were "given prior notice of the claims in this suit under § [89.004] of the Local Government Code" and have "appeared and answered." Taub never amended his petition to allege that section 89.004 was the basis of the trial court's jurisdiction of Taub's causes of action. On March 6, 2000, two days before the trial court signed the final order, Taub filed a response to defendants' reply to Taub's supplemental answer to defendants' motion and pleas. In this response, Taub contended that section 89.004 of the Texas Local Government Code contains express legislative authority for his suit against the County and District.

Section 89.004 provides as follows:

(a) A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim.

(b) If the plaintiff in a suit against a county does not recover more than the

---

**3.** The wording of section 89.004 and former section 81.041 is the same. The legislature renumbered former section 81.041 as 89.004 in 1999. Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(b), 1999 Tex. Gen. Laws 127, 340. For the sake of clarity, both will be referred to in this opinion as section 89.004.

commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.

TEX. LOC. GOV'T CODE ANN. § 89.004 (Vernon Supp.2001). We find only three cases dealing with section 89.004 (or its predecessor) and its direct relationship to sovereign immunity, and they are not in agreement.

*Jensen Construction Co. v. Dallas County* involved a dispute growing out of a contract between Jensen and the county. 920 S.W.2d 761, 766 (Tex.App.—Dallas 1996, writ denied). The trial court granted the county's motions for summary judgment based, in part, on sovereign immunity. *Id.* at 766–67. On appeal, Jensen contended that section 89.004 provided express legislative authority for suits against the counties. *Id.* at 769. The court of appeals agreed, stating, "Section [89.004] authorizes appellants, after rejection of its claims by the commissioners court, to sue the County to recover its claim." *Id.* at 770.

In *Travis County v. Pelzel & Associates, Inc.,* Pelzel sued the county for breach of contract. 30 S.W.3d 662 (Tex.App.—Austin 2000, pet. filed). The trial court denied the county's plea to the jurisdiction, and the court of appeals affirmed, holding that the county waived immunity by its acceptance of the benefits of the contract and that the legislature waived the county's immunity in section 89.004(a) of the Texas Local Government Code. *Id.* at 666, 669. A concurring opinion cites *Essenburg v. Dallas County,* 988 S.W.2d 188 (Tex.1998), for the proposition that section 89.004(a) is a notice requirement and is not jurisdictional. *Id.* at 670 (Patterson, J., concurring).

In *County of Bexar v. Garcia,* the county sought judicial review of the Texas Workers' Compensation Commission's decision that Garcia should receive compensation. 974 S.W.2d 107, 108 (Tex.App.—San Antonio 1998, no pet.). Garcia counterclaimed, alleging that the county fired her in retaliation for her workers' compensation claim. *Id.* The county filed a plea to the jurisdiction, arguing that section 89.004 was a limited waiver of sovereign immunity and that, because of Garcia's failure to comply with its notice requirement before filing her counterclaim, the trial court should have dismissed her claim. *Id.*

Noting that the legislature must waive sovereign immunity in clear and unambiguous language, the court of appeals stated:

In section [89.004], the legislature does not state that it waives county immunity from suit. Instead, it states that a party must present the commissioners court with its claim and the commissioners court must neglect or refuse to pay all or part of the claim before the party can file suit. The legislative intent, then, is to give commissioners court notice of the claim and an opportunity to investigate and settle the claim. Therefore, the section is not a waiver of immunity, but instead sets forth a condition precedent to filing suit.

*Id.* at 109 (citations omitted). We agree with the reasoning of the San Antonio Court of Appeals and the concurrence in *Pelzel.*

The legislature has demonstrated that it knows how to waive sovereign immunity in clear and unambiguous language when waiver is its intent. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon 1986) (Texas Tort Claims Act: "Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."); TEX. GOV'T CODE ANN. § 404.103(b) (Vernon 1998) (regarding the Texas Treasury Safekeeping Trust Company's authority to enter into contracts and trust agreements: "and the state expressly waives all defenses of governmental immunity by and

on behalf of the trust company. . . ."); TEX. GOV'T CODE ANN. § 554.0035 (Vernon Supp. 2001) (The Whistleblower Act: "Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter. . . ."); TEX GOV'T CODE ANN. § 2007.004 (Vernon 2000) (Private Real Property Preservation Rights Act: "Sovereign immunity to suit and liability is waived and abolished to the extent of liability created by this chapter," but "[t]his section does not authorize a person to execute a judgment against property of the state or a governmental entity."); TEX. NAT. RES.CODE ANN. § 52.035(c) (Vernon Supp.2001) ("The state waives its right to claim sovereign immunity in any action commenced against the state for unauthorized disclosure of the confidential information obtained from the Department of the Interior. . . .").

In contrast to these unambiguous statements of waiver, section 89.004 makes no reference whatever to a waiver of sovereign immunity. The interpretation of section 89.004 by the *Jensen* court and the majority in *Pelzel,* in effect, completely eliminates the county's sovereign immunity and merely imposes a condition precedent to filing suit.

It cannot be said that section 89.004 clearly and unambiguously waives sovereign immunity. Furthermore, the treatment of section 89.004 as a waiver of immunity is inconsistent with the supreme court's determination in *Essenburg* that section 89.004 is "nothing more than a notice statute" and the court's holding that the statute is not jurisdictional. *Essenburg,* 988 S.W.2d at 188–89. The statute cannot be both jurisdictional and non-jurisdictional. Accordingly, we hold that section 89.004 does not constitute the legislature's waiver of sovereign immunity on suits against a county.

We overrule Taub's issue on appeal and affirm the judgment of the trial court.