**Gene THAYER, Appellant,**

v.

**HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM and the Board of Trustees of the Houston Municipal Employees Pension System, Appellees.**

No. 01–02–00025–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 12, 2002.

Kelly D. Stephens, Phillip Joseph Smith, Stephens & Associates, Houston, TX, for Appellant.

Mark Gregory Artlip, Kathryn S. Vaughn, Baker Botts, L.L.P., Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Gene Thayer, challenges the trial court's order dismissing, for want of jurisdiction, his claims against appellees, the Houston Municipal Employees Pension System ("the Pension System") and the Board of Trustees of the Houston Municipal Employees Pension System ("the Board").

In four points of error, appellant argues that the trial court erred in dismissing his claims because: (1) the facts, as alleged, supported "at least one" of appellant's causes of action, (2) the Pension System and its Board are not entities protected by governmental immunity from suit, (3) the Pension System and its Board are governed by the Texas Trust Act and may be sued for breach of a fiduciary duty, and (4) appellant presented a valid declaratory judgment action. We affirm.

### Facts and Procedural Background [1]

Appellant is a former employee of the City of Houston's solid waste disposal divi-

---

1. At the time the parties submitted briefing to this Court, the clerk's record was incomplete. The clerk's record was subsequently supple- mented to include all materials relevant to the disposition of this appeal.

sion. After sustaining a back injury in 1988, appellant applied and was approved for a disability retirement benefit of $525.31 per month from the Pension System. As a condition to his continued receipt of such disability payments, appellant was required to submit an annual report of his employment activities and earnings.

In 1995, appellant obtained part-time employment as a school bus driver. Appellant concedes that, from 1995 to 1998, he submitted sworn affidavits to the Pension System that did not report the income from this employment. On October 2, 1998, the Pension System notified appellant that his disability benefits were being terminated because his federal income tax returns "failed to substantiate" the amount of earned income reported to the Pension System.

Appellant subsequently sued the Pension System and its Board. In his first amended petition, appellant alleged causes of action for breach of contract, tortious interference with a contract, unjust enrichment, "detrimental reliance," breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and violations of the Texas Trust Code, and he also requested that the trial court create a constructive trust of the amount of disability benefits withheld from him. Appellant also sought a temporary injunction against the Pension System requiring it to disburse monthly disability and medical benefits to him.[2] In addition, appellant sought a declaratory judgment "of the legal rights of each party involved in this litigation."

The Pension System and the Board answered appellant's suit, pleaded the affirmative defense of governmental immunity from suit, and filed a motion to dismiss appellant's claims for want of jurisdiction.

The trial court subsequently granted the motion and dismissed all of appellant's claims.

## Jurisdiction

In his first and second points of error, appellant argues that the trial court erred in granting the plea to the jurisdiction because the facts supported "at least one" of his causes of action and because the Pension System and its Board are not protected by governmental immunity from suit.

### Tort Claims

As a general rule, governmental entities are immune from tort liability based on the doctrine of governmental immunity. *Travis v. City of Mesquite*, 830 S.W.2d 94, 104 (Tex.1992); *Taub v. Harris County Flood Control Dist.*, 76 S.W.3d 406, 409 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Under the doctrine of governmental immunity, a unit of government may not be sued without its consent. *Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

The Pension System and its Board are state-created governmental entities and are generally immune from tort liability, except to the extent that the legislature has specifically waived that immunity. TEX.REV.CIV. STAT. ANN. art. 6243h, §§ 1(1)(16), (18) (Vernon Supp.2002); TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(D) (Vernon Supp.2002); *see also TRST Corpus, Inc. v. Fin. Ctr., Inc.*, 9 S.W.3d 316, 320–21 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (holding Teacher Retirement System of Texas was state-created agency entitled to governmental immunity from suit); *Herschbach v. City of Corpus*

---

**2.** There is no indication in the record that appellant sought or obtained a ruling from the trial court on his request for an injunc-

tion. On appeal, appellant assigns no error to the trial court's failure to grant an injunction.

*Christi*, 883 S.W.2d 720, 728–29 (Tex.App.-Corpus Christi 1994, writ denied) (holding Firemen's Relief and Retirement Fund Board state-created agency entitled to governmental immunity from suit).

▋ Subject matter jurisdiction is a question of law and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993); *Taub*, 76 S.W.3d at 409. In the absence of a waiver of governmental immunity, a court has no subject matter jurisdiction to entertain a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. *Li v. Univ. of Tex. Health Sci. Ctr.*, 984 S.W.2d 647, 654 (Tex.App.-Houston [14th Dist.] 1998, writ denied).

▋ A governmental entity may contest a trial court's authority to determine the subject matter of the cause of action by filing a plea to the jurisdiction. *Reyes v. City of Houston*, 4 S.W.3d 459, 461 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). When reviewing a trial court's decision on a plea to the jurisdiction, we consider the facts alleged by the plaintiff and, to the extent relevant to the jurisdictional issues, any evidence submitted by the parties. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001).

▋ Here, appellant argues, without supporting authority, that the Pension System and its Board are not state-created governmental entities but are municipal entities entitled only to "the limited immunity afforded municipalities." We disagree. The legislation creating the municipal pension systems for cities with a population the size of Houston's plainly did not enable the Pension System or its Board to carry out any municipal functions or provide any municipal services. *See* Tex.Rev.Civ. Stat. Ann. art. 6243h, §§ 1–28 (Vernon Supp.2002). Therefore, we hold the Pension System and its Board are, as enacted, state-created entities generally entitled to governmental immunity. Because there is no waiver of immunity in the legislation creating the Pension System and its Board, we hold the trial court did not err in dismissing appellant's tort claims.

### Due Process Claim

▋ In his brief, appellant argues that he possessed a "vested property right" in his former disability benefits, which the Pension System and its Board were prohibited from depriving him of without due process. However, in his first amended petition filed with the trial court, appellant did not present a due process claim. Thus, any such claim is waived. Tex. R.App. P. 33.1; *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex.2000).

### Breach of Contract Claim

▋ Moreover, with regard to appellant's breach of contract claim, governmental immunity also protects governmental entities from lawsuits for money damages unless the legislature expressly consents to the suit. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 593 (Tex.2001). When a governmental unit contracts with a private citizen, it generally retains immunity from suit even though it waives immunity from liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex.1997). Generally, a party seeking redress against a governmental entity for breach of contract must establish legislative consent to sue by bringing suit under a special statute or obtaining a legislative resolution. *Little–Tex*, 39

S.W.3d at 596; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 107.002 (Vernon 1997).

The record does not indicate, and appellant has not alleged, that he obtained legislative consent to sue the Pension System or the Board for his breach of contract claim. Nor has he brought his cause of action under a special statutory provision waiving immunity from suit. Accordingly, we hold the trial court did not err in dismissing appellant's breach of contract claim for want of jurisdiction.

We overrule appellant's first and second points of error.

### Trust Code Claims

■■ In his third point of error, appellant argues that the Pension System and its Board are subject to suit for violations of the Texas Trust Code.[3]

■■ With regard to appellant's causes of action against the Pension System and its Board for breach of fiduciary duty and other alleged violations of the Trust Code, we note that legislative consent to suit, whether expressed by statute or otherwise, must be "by clear and unambiguous language." *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994); *see, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon 1997) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.").

There is no provision in the Trust Code waiving immunity from suit for governmental entities such as the Pension System or the Board. Therefore, we hold the trial court did not err in dismissing appellant's claims for breach of fiduciary duty and other violations of the Trust Code.

We overrule point of error three.

### Declaratory Judgment

■■ In his fourth point of error, appellant argues the trial court erred in dis-missing his claim for a declaratory judgment of "of the legal rights of each party involved in this litigation."

The Texas Supreme Court has consistently held that private parties may not circumvent a governmental entity's immunity from suit by characterizing a suit for money damages as a declaratory judgment claim. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 856 (Tex.2002) (citing *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 840 (1958)). Here, appellant sought to have the trial court "declare" that the Pension System and its Board wrongfully deprived him of his disability benefits, essentially re-characterizing his claim for money damages as a declaratory judgment action. Accordingly, we hold the trial court did not err in dismissing appellant's claim for a declaratory judgment.

We overrule point of error four.

### Conclusion

We affirm the judgment of the trial court.

---

3. *See* TEX. PROP.CODE ANN. §§ 111.001–115.017 (Vernon 1995 & Supp.2002).