Opinion issued May 20, 2005








                                              

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00925-CV
____________

HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM,
Appellant

V.

CRAIG E. FERRELL JR., AL PENA, B.L. CHEBRET, BRAD PIEL,
BUBBA CALDWELL, C. NEWMAN, COLE LESTER,
G.L. BLANKENSHIP, GARY GRYDER, GEORGE SHAW,
HAROLD BARTHE, J.J. BERRY, J.M. DEMARTIN, JEFF LARSON,
JOE PYLAND, JOHN MILLER, JOHN WALSH, JOHN YENCHA,
M. DONATO, M.R. CLARK, MATT CALLEY, PATRICIA MURRAY,
R.D. MOSLEY, R.L. MARTIN, ROBERT SONDOVAL,
RODNEY JOHNSON, SHAWN PALIN, T.J. CARR, TOM HAYES,
AND WARREN GIVENS, Appellees
 

 
 
On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 789,357
 

 
 
CONCURRING OPINION
          I join the Court’s judgment, and I also join much of its opinion. However, I
write separately to express my disagreement with some of the majority’s reasoning.
          In holding that HMEPS does not have exclusive jurisdiction over the subject-matter of the plaintiffs’ declaratory-judgment suit, the majority distinguishes Williams
v. Houston Firemen’s Relief & Retirement Fund, 121 S.W.3d 415 (Tex.
App.—Houston [1st Dist.] 2003, no pet.) (“Williams III”). I believe that we cannot
distinguish Williams III on the basis on which the majority does. I would, therefore,
expressly overrule Williams III to the extent that it holds that the retirement statute
at issue in that case—which is similar in material respects to the one at issue in this
case—conferred exclusive jurisdiction on the pension board to interpret the
retirement statute.
What Williams III Did
          In Williams III, Williams sought to purchase prior service credit (“PSC”) for
the Houston statutory firefighters’ retirement fund for the time that he had served with
the fire departments of two other cities that did not have statutory retirement funds
like Houston’s. Id. at 422. While Williams’s claim was pending, the Houston
Firemen’s Relief and Retirement Fund (“the Fund”) interpreted the retirement
statute’s PSC provision, and adopted corresponding guidelines, to deny PSC to
firefighters who had previously worked for cities that did not have pension funds like
Houston’s. Id. at 422. The Fund’s sole basis for adopting the guidelines was its
interpretation of the retirement statute’s PSC provision. Id. at 442 n.2 (Taft, J.,
dissenting). Based solely on its guidelines and on the undisputed fact that Williams
had not previously worked for qualifying cities, the Fund denied Williams’s PSC
request. Id. at 422. 
          Williams sued the Fund and others, asserting three categories of claims against
the Fund: (1) challenges to the merits of the guidelines and the Fund’s PSC
determination, which generally involved questions of statutory interpretation applied
to undisputed facts;


 (2) constitutional claims; and (3) common-law claims. Id. at
424. Although Williams sought damages, he also sought a declaration that the
retirement statute allowed him to obtain PSC and that the guidelines were thus
erroneous; that is, he sought a declaration of the statute’s meaning. See id. The Fund
sought summary judgment on both jurisdictional and substantive grounds. See id. at
427-33. The trial court granted the Fund’s summary judgment and rendered a take-nothing judgment against Williams on all of his claims against the Fund. Id. at 424-25. 
          We first considered over which of Williams’s causes of action the trial court
had jurisdiction. Id. at 426-29. The retirement statute in Williams III made the
Fund’s PSC determination final, without requiring the exhaustion of further
administrative remedies, but then provided for judicial review of those determinations
only when aggrieved firefighters were disabled or eligible for retirement. Id. at 427-28; see Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 17, 1975 Tex. Gen. Laws
1135, 1145, repealed by Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 1997
Tex. Gen. Laws 4794, 4811 (current version at Tex. Rev. Civ. Stat. Ann. art.
6243e.2(1), §§ 2(j), 12(a) (Vernon 2003)). It was undisputed that, at the time of his
filing suit, Williams was neither disabled nor eligible to retire. See Williams III, 121
S.W.3d at 425. Among its other holdings, the Williams III majority held that the
courts had no jurisdiction to review Williams’s challenges to the merits of the
guidelines and the Fund’s PSC determination, necessarily including his declaratory-judgment cause of action seeking statutory interpretation under undisputed facts. See
id. at 426-29, 433-35. The majority reasoned that the retirement statute (which is
strikingly similar in material respects to the retirement statute here) granted the Fund
exclusive jurisdiction over “Williams’s claims”—necessarily meaning, with respect
to Williams’s claims based solely on statutory interpretation, exclusive jurisdiction
to interpret the retirement statute. See id. at 427. The majority based this exclusive-jurisdiction holding on the “pervasive regulatory scheme” that the retirement statute
allegedly established. Id.
          Although I agreed that the trial court lacked subject-matter jurisdiction over
Williams’s various claims for damages, I dissented to the disposition concerning his
causes of action based on pure statutory interpretation because I concluded that (1)
the retirement statute did not grant exclusive jurisdiction to the Fund over matters of
statutory interpretation; (2) the district court had inherent jurisdiction over Williams’s
challenges based on statutory interpretation because they involved pure questions of
law applied to undisputed facts, even though Williams did not yet meet the statutory
requirements for judicial review; and (3) the trial court thus had subject-matter
jurisdiction to interpret the statute at that time, i.e., to consider Williams’s
declaratory-judgment cause of action. Id. at 440-49 (Taft, J., dissenting). I further
explained: 
Persons aggrieved by an administrative agency’s action have no absolute
right to challenge that action in court: the right of judicial review of an
agency determination exists only when
 
1.a statute allows judicial review,
 
2.the agency’s action adversely affects a vested property
right,
 
3.the agency’s action violates certain constitutional rights,
 
4.the action exceeds the agency’s jurisdiction, or
 
5.the agency action involves a pure question of law, such
as the interpretation of a statute, when the agency does
not have exclusive jurisdiction to determine that
question of law.

Id. at 441 (Taft, J., dissenting) (citations omitted; emphasis added). I also responded
as follows to a principal argument that the majority asserted against my conclusion:
Because the majority believes that the Fund has exclusive jurisdiction
over legal questions, it concludes that my position would eviscerate
agencies’ exclusive jurisdiction. That view misunderstands my position,
which is simply that, in the absence of statutory authority to do so,
courts may still consider pure questions of law that are raised by an
agency’s action when the agency itself does not have exclusive
jurisdiction over the particular question of law. If I read the
retirement statute to grant the Fund exclusive jurisdiction over pure
legal questions, I would not apply the pure-question-of-law
exception here. I do not so read the statute, however.

Id. at 447 (Taft, J., dissenting) (citations omitted; italicized emphasis in original;
bolded emphasis added).
Why Williams III Cannot Be Distinguished
          HMEPS relies on Williams III to argue that the retirement statute here grants
it exclusive jurisdiction over the subject-matter of the plaintiffs’ declaratory suit
because we held that the similar retirement statute in Williams III granted the Fund
exclusive jurisdiction over like matters. In today’s opinion, the majority distinguishes
Williams III because
          [Williams] asserted numerous constitutional and common law
“claims” against the Fund and sought “compensatory and punitive
damages, declaratory relief, pre- and post-judgment interest, attorney’s
fees and costs.” Treating his entire suit as an appeal from the Fund’s
benefit decision, this court addressed all of Williams’s “claims,”
including his request for declaratory relief regarding the Fund’s
construction of the pertinent retirement statute, together in the context
of the statutory scheme for the determination of benefits, and we held
that the Fund “had exclusive jurisdiction over Williams’s claims.” This
decision was based on the specific language of two pertinent statutory
provisions that expressly addressed “rights of appeal” and judicial
review of the Fund’s benefit decision. We noted that “[b]oth Williams’s
cause of action and remedy for its enforcement [were] derived from
statute, [and that] the statutory provisions for review [were] mandatory
and exclusive.”
 
Williams requested a review, based on his interpretation of a
“former” retirement statute, of the Fund’s method of calculating his
future retirement benefits, and he sought an award of the credit, under
his interpretation of the superseded statute. We pointed out that
Williams was not eligible for retirement and that he could not use the
courts to require the Fund to calculate his future unvested pension
benefits under already superseded law. The retirement statute at issue
expressly limited judicial review of the board’s decision accepting or
rejecting a claim for benefits to members “eligible for retirement.” 
Accordingly, we agreed with the Fund that the statute, “on its face [did]
not allow judicial review of the Fund’s credit determination until
Williams [met its] requirements.”
 
Williams III should not be read as holding that all declaratory
judgment actions against administrative entities to determine the proper
construction of pertinent statutes or to obtain a declaration of rights,
status and legal relations under pertinent statutes are precluded under the
exclusive jurisdiction doctrine. Here, the plaintiffs seek an interpretation
of a current statute and a determination of their rights under that statute
in accordance with the courts’ inherent power to construe statutes. We
are dealing solely with a declaratory judgment action, not multiple
claims that are, in effect, an improper appeal of an administrative
decision. The DJA action before us is, in fact, an action for a
declaration of the plaintiffs’ rights, status and legal relationship with
HMEPS, not a request for judicial review of an administrative benefits
determination that is unappealable under the express language of the
statute. 

(Citations and footnote omitted.)
          I perceive three bases for the majority’s distinguishing Williams III, with none
of which I agree.
          First, the majority appears to distinguish Williams III because Williams
asserted damages claims along with his declaratory-judgment request to interpret the
statute and to declare his rights under it. I disagree that Williams III may be
distinguished on this basis. Williams’s having asserted damages claims along with
his declaratory-judgment cause of action had no impact on the majority’s holding
concerning Williams’s declaratory cause of action, which was based on statutory
interpretation and a pure question of law. See id. at 433-34 (rejecting dissenting
opinion’s contention that trial court had inherent jurisdiction, in absence of statutory
basis for judicial review, to consider pure questions of law because of pension
board’s exclusive jurisdiction over these matters); id. at 441-49 (Taft, J., dissenting)
(explaining why court had jurisdiction to consider declaratory-judgment cause of
action based on pure questions of law when agency did not have exclusive
jurisdiction). Neither did Williams III involve a situation like that in Thayer v.
Houston Municipal Employees Pension System, cited by the majority in this case, in
which our Court held that Thayer could not “circumvent a governmental entity’s
immunity from suit by characterizing a suit for money damages as a declaratory
judgment claim.” 95 S.W.3d 573, 578 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). The majority in Williams III in no way indicated or based its holding on a
conclusion that Williams had impermissibly recharacterized his damages claims as
declaratory-judgment allegations.
          Second, the majority distinguishes Williams III because “[h]ere, the plaintiffs
seek an interpretation of a current statute and a determination of their rights under
that statute in accordance with the courts’ inherent power to construe statutes” and
because “[h]ere, we are dealing solely with a declaratory judgment action, not
multiple claims that are, in effect, an improper appeal of an administrative decision. 
The DJA action before us is, in fact, an action for a declaration of the plaintiffs’
rights, status and legal relationship with HMEPS, not a request for judicial review of
an administrative benefits determination that is unappealable under the express
language of the statute.” I disagree that Williams III may be distinguished on this
basis, either. At the core of his declaratory-judgment cause of action, Williams
sought a declaration that the retirement statute meant what he claimed that it did; that
the Fund’s decision, which was based solely on the Fund’s erroneous statutory
interpretation applied to undisputed facts, was thus erroneous; and that he was
entitled to prior service credit under the statute. That is, with respect to his
declaratory-judgment cause of action, Williams in essence alleged that the Fund had
misconstrued the retirement statute. And, recognizing in my dissenting opinion in
Williams III that “[c]ourts have jurisdiction to perform the inherently judicial function
of determining pure questions of law, such as interpreting a statute,” I further
recognized that Williams’s declaratory-judgment cause of action invoked that
inherent jurisdiction, just as the plaintiffs’ pleadings do here. Id. at 443, 447 (Taft,
J., dissenting).
          This is what the plaintiffs seek in this suit:



PRELIMINARY STATEMENT
 
Plaintiffs . . . join in filing this action seeking declaratory relief
that establishes his [sic] entitlement to Pension Benefits in the HMEPS
retirement system for all his [sic] years of service while working for the
City of Houston (COH). Defendants wrongfully contend that they are
not entitled to benefits during the period they were employed as police
cadets which [sic] the City of Houston classified them as civilian
employees. Plaintiff [sic] respectfully requests the court to grant the
declaratory relief requested and injunctive relief under law and equity.
 
* * *

 
A.Declaratory Judgment
 
. . .
 
11.A controversy has arisen concerning the credited years of
service Plaintiffs should have in HMEPS retirement system. 
Accordingly Plaintiffs respectfully request that this Court grant
declaratory relief declaring Plaintiffs [sic] correct length of service.
 
* * *
 
PRAYER FOR RELIEF
 
Plaintiffs respectfully request that this Court, upon trial, enter
judgment in favor of Plaintiffs against Defendants and grant the
following relief:
 
1.Declaratory Judgment and injunctive relief; . . . .

The plaintiffs also alleged that the retirement statute’s and its statutory predecessor’s
plain language supported their interpretation.
          I see no material difference between the declaration that Williams sought (at
least to the extent that he sought a declaration based on matters of statutory
interpretation, rather than based on estoppel or other grounds) and the declaration that
the plaintiffs seek here. Additionally, the plaintiffs and Williams both sued the
governmental unit that had denied them prior service credit, and each sought a
declaration that would affect the governmental unit’s ruling. If Williams’s statutory-interpretation declaratory-judgment cause of action is not materially like the
declaratory-judgment action here, then I do not know what would be.



          Third, the fact that the retirement statute that Williams sought to have
interpreted had been superseded was not the basis of the majority’s holding in
Williams III that the retirement statute granted exclusive jurisdiction to the Fund over
matters of statutory interpretation.


 Moreover, as I explained in my dissenting
opinion in Williams III, because the Fund had moved for summary judgment under
the former retirement statute (and argued on appeal that that statutory version
applied), the rules of summary judgment required that we apply the former statutory
version in that case. See id. at 448 (Taft, J., dissenting).



Why Williams III Should Be Overruled
          Given my conclusion that Williams III cannot be distinguished on the basis
cited by the majority, I would address the effect of Williams III on this appeal. I do
not believe that the holding in Williams III can be reconciled with our holding in this
case—which I join fully—that the retirement statute here does not confer exclusive
jurisdiction on HMEPS over the subject matter of the plaintiffs’ declaratory-judgment
action. Neither the statute at issue in this appeal nor the one considered in Williams
III expressly states that the governmental unit has exclusive jurisdiction over matters
of statutory interpretation. Likewise, for purposes of determining whether either
statute confers exclusive jurisdiction by establishing a pervasive regulatory scheme,



the retirement statute here is indistinguishable in material respects from that
considered in Williams III.


 And the appellants in both suits asserted a declaratory-judgment action to determine the same matters: the interpretation of a retirement
statute, what appears to have been a pure question of law in each case. See Williams
III, 121 S.W.3d at 424. Simply put, if the retirement statute here does not confer
exclusive jurisdiction on HMEPS to construe that statute, then neither did the statute
in Williams III confer exclusive jurisdiction on the Fund to do so. Because the
exclusive-jurisdiction holding in Williams III cannot be reconciled with our
exclusive-jurisdiction holding in this case, and because I disagree with that holding
in Williams III,


 I would overrule Williams III in that respect.
Conclusion
          For these reasons, and for the reasons set out in my dissenting opinion in
Williams III, I would overrule Williams III to the extent that it held that the retirement
statute at issue in that case gave the relevant pension board exclusive jurisdiction over
statutory interpretation.
          With these explanations, I join the judgment and join the majority opinion in
all matters except for those addressed herein, to which extent I respectfully concur.
 


                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Justice Taft, concurring.