Opinion issued March 9, 2006     
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00337-CV




WALTER MADERN, Appellant

V.

CITY OF PASADENA, Appellee




On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 810,947

 
MEMORANDUM OPINION
           Appellant, Walter Madern, appeals from a judgment of dismissal rendered upon
the granting of a plea to the jurisdiction made by appellee, City of Pasadena (“City”). 
We determine whether the trial court erred (1) by implicitly finding that a manhole in
which Madern was injured was not a special defect under the Texas Tort Claims Act
(“TTCA”),


 (2) by implicitly ruling that Madern had not pleaded sufficient facts to
confer jurisdiction, (3) by implicitly ruling that Madern could not assert a declaratory-
judgment action regarding the constitutionality of the TTCA’s special defect and
premises defect definitions, (4) by sustaining the City’s objection to affidavits
authenticating photographs and to the photographs themselves, and (5) by allegedly
reviewing the City’s plea to the jurisdiction and Madern’s motion for new trial in the
same manner as a summary judgment. We also determine whether we need to reach
Madern’s challenge that the trial court erred by dismissing Madern’s claims on the
implicit ground that section 101.056 of the TTCA preserved the City’s governmental
immunity.


 We affirm the judgment in all respects except to the extent that it
dismissed Madern’s declaratory judgment action, to which extent we reverse the
judgment. We remand the cause.
 
 
Facts
          In February 21, 2002, Madern was walking along the side of Denkman Street
in Pasadena, Texas. He stepped onto a manhole cover, which slipped, causing his
right leg to fall into the manhole. Madern testified that the manhole had seemed to be
normal before the accident because he walked down Denkman Street “every day.”


 
Madern sued the City, alleging that it was negligent in creating the condition that
caused his injuries. Madern specifically alleged that the City’s governmental
immunity from suit and liability was waived under TTCA section 101.022(b) because
the manhole constituted a special defect and, in the alternative, sought a declaration
that the definition of a premises defect and a special defect was so vague as to be
meaningless and unenforceable. The City filed a plea to the jurisdiction requesting
that the trial court dismiss Madern’s claim for negligence because its governmental
immunity was not waived. The City alleged in its plea to the jurisdiction that (1) the
condition of the manhole did not qualify as a special defect because it did not pose a
danger to ordinary users of the roadway and was neither unexpected nor unusual; (2)
TTCA section 101.056 precluded waiver of governmental immunity because
maintenance of the manhole was a discretionary act; and (3) Madern could not
circumvent the City’s governmental immunity by requesting a declaratory judgment
on whether the definitions of special defect and premises defect were
unconstitutionally vague.


 The City filed a written objection to Madern’s Exhibits B
and C,


 included in Madern’s opposition to the City’s plea to the jurisdiction. The
City alleged that these exhibits had not been properly authenticated and were
irrelevant. The trial court sustained the City’s objections to Exhibits B and C. On
February 11, 2005, the trial court granted the City’s plea to the jurisdiction, without 
 
explaining the basis for its ruling and dismissed both Madern’s negligence claim and
his declaratory judgment action against the City.
Standard of Review
          On appeal, because the question of subject-matter jurisdiction is a legal question,
we review the trial court’s ruling on a plea to the jurisdiction under a de novo standard
of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). To
determine whether a plaintiff has affirmatively demonstrated the court’s jurisdiction to
hear the case, we consider the facts alleged in the petition and, to the extent that it is
relevant to the jurisdictional issue, any evidence submitted by the parties to the trial
court. Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex.
2001); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). We must
construe the pleadings in the plaintiff’s favor and look to the pleader’s intent. County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Peek v. Equip. Serv. Co., 779
S.W.2d 802, 804 (Tex. 1989). 
Special Defect
          In his first point of error, Madern argues that “[t]he [trial] Court erred in ruling
that the defective manhole was a premises defect rather than a special defect in
response to both Appellee’s Plea to the Jurisdiction as well as Appellant’s Motion for
New Trial.” Because the trial court could not have implicitly determined that the
manhole was a premises defect for the reasons stated in footnotes four and ten and in
our discussions that follow, we construe appellants argument to be that the trial court
erred in implicitly ruling that the manhole was not a special defect. 
          The TTCA waives a governmental unit’s immunity from suit and liability for
violation of the duty to warn of special defects. Tex. Civ. Prac. & Rem. Code Ann.
§ 101.060(c) (Vernon 2005). To establish liability against a municipality under a
special defect theory, a plaintiff must plead and prove (1) that personal injury or death
occurred; (2) that it was proximately caused by the negligence of a municipal 
employee; (3) that the employee was acting in his scope of employment; (4) that the
injury or death was caused by a special defect; (5) that the municipality knew or
reasonably should have known of the defect; and (6) that the municipality failed to
exercise ordinary care to protect the individual. State Dep’t of Highways v. Payne, 838
S.W.2d 235, 237 (Tex. 1992).
          The TTCA does not expressly define special defects, except to state that they
include “excavations or obstructions on highways, roads, or streets.”


 See Tex. Civ.
Prac. & Rem. Code Ann. § 101.022(b) (Vernon Supp. 2005); see also Harris County
v. Estate of Ciccia, 125 S.W.3d 749, 753 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied). The Texas Supreme Court has held that the two examples included in the
statute—excavations and obstructions—are not exhaustive and has construed special
defects to include other defects of the same kind or class. See City of Grapevine v.
Roberts, 946 S.W.2d 841, 843 (Tex. 1997); see also Payne, 838 S.W.2d 235, 238-39. 
However, to be considered a special defect, the defect must be of the same kind or class
as excavations or obstructions on a highway, road, or street. Id.; Graf v. Harris
County, 877 S.W.2d 82, 86 (Tex. App.—Houston [1st Dist.] 1994, writ denied)
(holding that step on path at arboretum was not condition involving excavation or
obstruction on highway, road, or street). The defect must present an unexpected and
unusual danger to ordinary users of roadways. Payne, 838 S.W.2d at 239 (holding that
unmarked culvert 22 feet from roadbed and obscured by vegetation was located far
enough from road so as not to be danger to ordinary users of roadway). A condition
located so far from the roadway that vehicular passengers and other normal users of the
roadway are unlikely to encounter it is not a special defect. Id. at 239. A special defect
is distinguished by some unusual quality outside the ordinary course of events.


 Id. 
A longstanding, routine, or permanent condition is, therefore, not a special defect. See
Estate of Ciccia, 125 S.W.3d at 753-54; Stokes v. City of San Antonio, 945 S.W.2d 324,
326 (Tex. App.—San Antonio 1997, no writ).


 
           Madern contends that the manhole was a special defect because there were no
sidewalks and the manhole would, therefore, be encountered by pedestrians walking
along the street near the curb. However, the manhole was not in the roadway. It was
located more than five feet away from the road, so that vehicular passengers and other
normal users of the roadway were unlikely to encounter it. Only a pedestrian whose
destination required him to leave the proximity of the road was ever likely to walk on
the manhole. 
          Madern contends that the manhole was related to the roadway because it was the
access to the storm sewer, which extended into the street, and it was located next to the
storm sewer. However, special defects must unexpectedly and physically impair a
normal user’s ability to travel on the road. State v. Rodriguez, 985 S.W.2d 83, 85 (Tex.
1999); see, e.g., Morse v. State, 905 S.W.2d 470, 475 (Tex. App—Beaumont 1995, writ
denied) (holding that 10-inch drop-off along shoulder that prevented car’s left wheels
from re-entering roadway once they had slipped off was special defect); Kitchen, 867
S.W.2d at 786 (holding that ice on bridge during winter was not special defect because
it was not unexpected or unusual). The condition presented by the covered manhole
was located five feet and four inches from the roadway. Here, Madern was not
traveling on the roadway at the time of his accident. In fact, if Madern had walked in
the roadway, he would have avoided the manhole. 
          Madern further argues that the manhole was a special defect because the broken
support ring of the manhole is similar to an excavation. Madern relies on Harris
County v. Smoker, in which this Court held that an uncovered storm sewer located
where a pedestrian would normally walk on an unlighted street without a sidewalk
constituted a special defect. Id., 934 S.W.2d 714, 719 (Tex. App.—Houston [1st Dist.]
1996, writ denied). Smoker is distinguishable. Here, the manhole was more than five
feet from the roadway and was in its permanent, covered condition. In contrast, the
storm sewer in Smoker was extended one and one-half to two feet into the street, and
the absence of a storm cover was a temporary condition. Id. The manhole here was
covered and was, therefore, a permanent condition.


 See Mitchell v. City of Dallas,
855 S.W.2d 741, 747-48 (Tex. App.—Dallas 1993), aff’d 870 S.W.2d 21(Tex. 1994).
          
 
          We hold that the covered manhole was not a special defect. Accordingly, the
TTCA did not waive the City’s immunity from suit, and the trial court did not err by
granting the City’s plea to the jurisdiction on Madern’s negligence claim. 
          We overrule Madern’s first point of error.     
Sufficiency of Madern’s Petition
          In his second point of error, Madern argues that “[t]he trial court erred to the
extent it ruled that [Madern] had not adequately pled [sic] a cause of action for
negligence [involving a special defect] against [the City].” Madern also argues in his
fifth point of error, in part, that “[a]ppellant Walter Madern’s most recent petition
alleged sufficient facts to confer jurisdiction. Certainly it cannot be said that it would
be impossible to amend the petition to allege sufficient facts to do so.” In other words,
Madern complains that he adequately pleaded sufficient facts to confer jurisdiction and,
alternatively, that the trial court should have given him an opportunity to amend his
pleading to demonstrate that the trial court had subject-matter jurisdiction.
          To prevail on a plea to the jurisdiction, the defendant must show an incurable
jurisdictional defect apparent from the face of the pleadings, making it impossible for
any amendment of the plaintiff’s petition to confer jurisdiction on the trial court. Bybee
v. Fireman’s Fund Ins. Co., 331 S.W.2d 910, 914 (Tex. 1960); City of San Angelo v.
Smith, 69 S.W.3d 303, 305 (Tex. App.—Austin 2002, pet. denied). “[I]f the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff an opportunity to amend.” County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Galveston Racquet Club, Inc. v. City of
Galveston, 178 S.W.3d 167, 170 (Tex. App.—Houston [1st Dist.] 2005, no pet.). 
Whether the pleader has alleged facts that affirmatively demonstrate subject-matter
jurisdiction is a legal question that we review de novo. Tex. Dep’t of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).
          Because a governmental unit is protected from suit by sovereign immunity,
pleadings in a suit against a governmental unit must affirmatively demonstrate, either
by reference to a statute or express legislative permission, that the Legislature
consented to the suit. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
The plaintiff bears the burden to allege facts affirmatively demonstrating the trial
court’s jurisdiction to hear the case. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d
540, 542 (Tex. 2003); Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). Absent the government’s consent to suit, the trial court has no jurisdiction
over the cause of action. Jones, 8 S.W.3d at 638.
          If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction
and such defect is incurable, then the cause is properly dismissed. Peek, 779 S.W.2d 
 at 804-05. However, the mere failure of a petition to state a cause of action does not
show a want of jurisdiction in the court. Bybee, 331 S.W.2d at 917. If the plaintiff’s
pleadings are insufficient to demonstrate the court’s jurisdiction, but do not
affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the
plaintiff an opportunity to amend before dismissal. Brown, 80 S.W.3d at 555; Peek,
779 S.W.2d at 805.
          In his third amended original petition, Madern alleged that the condition of the
manhole constituted a special defect and that the City had a duty to inspect and to warn
him of the dangerous condition or to make the condition reasonably safe.


 Madern
alleged in his petition that the City’s immunity was waived under TTCA section
101.022(b), which applies to special defects. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.022(b).
          
 
          We have already held that the manhole was not a special defect. Additionally,
given the undisputed evidence regarding the location of the manhole, and that it was
not in the road and was covered, we hold that the court did not err in implicitly
concluding that Madern’s petition was incurable because he could not allege facts that
raised a special defect basis for waiver of immunity from suit. 
          We overrule Madern’s second point of error and fifth point of error, to the extent
that the his fifth point of error was addressed in this section of the opinion.    
Declaratory Judgment Regarding Constitutionality
          In his third point of error, Madern argues that “[t]he trial court erred in implicitly
ruling that [Madern] was not permitted to assert a cause of action for declaratory
judgment that the definition of a ‘special defect’ is unconstitutionally vague.” Madern
sought a declaration regarding the constitutionality of the TTCA’s definitions of the
terms “premises defect” and “special defect.”
          Here, Madern sought declaratory relief under the Uniform Declaratory
Judgments Act (“DJA”),


 which is a “remedial” statute designed “to settle and to
afford relief from uncertainty and insecurity with respect to rights, status, and other
legal relations” and which “ is to be liberally construed and administered.” Tex. Civ.
Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). The DJA allows courts to
declare whether or not further relief is or could be claimed. Id. at § 37.003(a). Such
a declaration may be either affirmative or negative in form and effect and has the “force
and effect of a final judgment or decree.” Id. at § 37.003(b). The DJA provides:
A person interested under a deed, will, written contract, or
other writings constituting a contract or whose rights, status,
or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any
question of construction or validity arising under the
instrument, statute, ordinance, contract, or franchise and
obtain a declaration of rights, status, or other legal relations
thereunder. 
Id. at § 37.004(a).
           The Texas Supreme Court has noted that certain declaratory judgment actions
do not implicate the doctrine of governmental immunity. See, e.g., Tex. Educ. Agency
v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (holding that declaratory-judgment action
to determine proper construction of compulsory school-attendance law does not
implicate governmental immunity); Tex. Highway Comm’n v. Tex. Ass’n of Steel
Importers, Inc., 372 S.W.2d 525, 530 (Tex. 1963) (holding that declaratory-judgment
suit against Highway Commission to determine parties’ rights does not implicate
governmental immunity); Cobb v. Harrington, 190 S.W.2d 709, 712 (1945) (holding
that declaratory-judgment suit against State comptroller to determine parties’ rights
under tax statute does not implicate governmental immunity). The governmental-immunity doctrine is not implicated in such actions because they do not attempt to
subject the State to liability. IT-Davy, 74 S.W.3d at 855. Accordingly, Texas courts
“distinguish suits to determine a party’s rights against the State from suits seeking
damages,” and “[a] party can maintain a suit to determine its rights without legislative
permission.” Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 404 (Tex. 1997).
          Madern asked the trial court to construe whether the relevant statutory
definitions of premises defect and special defect were unconstitutionally vague. 
Compare IT-Davy, 74 S.W.3d at 859-60 (emphasizing that plaintiff was “not asking the
trial court to construe a legislative enactment,” but, instead, sought declaration that
plaintiff “performed additional work . . . and, thus, the [defendant] owed [the plaintiff]
more money.”). Madern did not seek money damages under the guise of a declaratory-judgment action. Compare Thayer v. Houston Mun. Employees Pension Sys., 95
S.W.3d 573, 578 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Because the
governmental-immunity doctrine is not implicated in action, like Madern’s declaratory-judgment action that do not attempt to subject the State to liability, we hold that the
trial court had jurisdiction to determine whether the relevant statutory definitions of
premises defect and special defect were unconstitutionally vague. We thus hold that
the trial court erred in granting the City’s jurisdictional plea on Madern’s declaratory
judgment action. 
          When the trial court granted the City’s jurisdictional plea, it necessarily
dismissed Madern’s declaratory-judgment action without reaching the merits of
Madern’s constitutional challenge. See Freedman v. Univ. of Houston, 110 S.W.3d
504, 507 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (explaining how court must
dismiss cause of action without ruling on merits if it grants jurisdictional plea). 
Because the trial court has not yet ruled on the merits of Madern’s constitutional
challenge, we decline to do so on appeal, as Madern requests that we do. See R
Communications v. Sharp, 875 S.W.2d 314 (Tex. 1994) (holding that, because trial
court had jurisdiction to hear such claim for declaratory relief, claim should be
remanded to that court to permit issue to be finally resolved); see also Wood v. Wood,
320 S.W.2d 807, 813 (1959) (holding that constitutionality of statute will be considered
only when question is properly raised and decision becomes necessary and appropriate
to disposal of case; also holding that no statute should be overruled without careful and
mature consideration).
          We sustain Madern’s third point of error to the extent that he complains of the
dismissal of his declaratory-judgment action. We decline to reach the remainder of his
third point of error, which concerns the merits of his declaratory-judgment action.
          
Affidavits Authenticating Photographs
          In his fourth point of error, Madern argues that “[t]he Trial Court Erred in
Sustaining [the City’s] Objection to Attorney Englehart’s Affidavit Authenticating
Photos, and Also in Sustaining [the City’s] Objection to Madern’s Affidavit
Authenticating Photos.”
          We review a trial court’s admission of photographs under an abuse-of-discretion
standard. See Reichhold Chemicals, Inc. v. Puremco Mfg. Co., 854 S.W.2d 240, 247-48
(Tex. App.—Waco 1993, writ denied). This standard requires that we determine
“whether the trial court acted without reference to any guiding rules or principles; in
other words, whether the act was arbitrary or unreasonable.” Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990). 
          Madern attempted to lay a foundation for Exhibits B and C, which were included
in Madern’s opposition to the City’s plea to the jurisdiction, by attaching affidavits
from himself and his attorney that stated that the photographs of the manhole were
“true and correct” and that each affiant had “personal knowledge.” The City filed a
written objection to Madern and his attorney’s affidavits. The City argues on appeal
that the affidavits were not based on personal knowledge and that the photographs were
not properly authenticated. 
 
          Assuming without deciding that the exclusion of the evidence was error, we
determine whether sufficient harm resulted for reversal. A party complaining of error
in the admission or exclusion of evidence need not show that, but for the error, a
different judgment would necessarily have resulted, but must instead show that the
error probably resulted in an improper judgment. City of Brownsville v. Alvarado, 897
S.W.2d 750, 753-54 (Tex. 1995); McCraw, 828 S.W.2d at 758; see also Tex. R. App.
P. 44.1(a). We review the entire record to determine if the error was harmful. Tex.
Dep’t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000). A successful challenge to
a trial court’s evidentiary rulings usually requires the complaining party to show that
the judgment turns on the particular evidence excluded or admitted. See Interstate
Northborough P’ship v. State, 66 S.W.3d 213, 220 (Tex. 2001). Therefore, this Court
ordinarily will not reverse a judgment for erroneous rulings on the admissibility of
evidence when the evidence in question is cumulative and not controlling on a material
issue dispositive to the case. See Gee, 765 S.W.2d at 396; Reina v. Gen. Accident Fire
& Life Assurance Corp., 611 S.W.2d 415, 417 (Tex. 1981). 
          In this case, the trial court did not allow Madern to introduce photographs of the
manhole. However, in ruling on the plea to the jurisdiction, the trial court considered
the following matters describing the manhole and its location: Madern’s pleading; his
response to the plea to the jurisdiction; his deposition testimony; a detailed map drawn
by Madern, which was attached to his deposition; the affidavit of Rinehart; and the
City’s photograph exhibits of the location of the manhole. The pleading and evidence
showed that the manhole was not in the road, the manhole was covered when Madern
stepped on it, and the manhole cover did not seem unusual or different when Madern
had stepped on it in the past. Exhibit B depicted not only the location of the manhole,
but also the condition of the support ring, which was not relevant to determine whether
the manhole was a special defect. Exhibit C clearly showed that the manhole was not
located in the roadway, which in fact supported the City and was also redundant of
other evidence before the trial court. After reviewing the record and Madern’s
arguments, we hold that any error in the exclusion of this evidence was harmless. See
Tex. R. App. P. 44.1(a).
          We overrule Madern’s fourth point of error. 
Trial Court’s Manner of Review
          In the remainder of his fifth point of error, Madern argues that “[t]he trial court
erred in evaluating [the City’s] Plea to the Jurisdiction as well as [Madern’s] Motion
for New Trial hearings as [the City] treats its Plea to the Jurisdiction and [Madern’s]
Opposition thereto, as well as [Madern’s] Motion for New Trial as though [the City]
had filed a Motion for Summary Judgment.” Specifically, Madern argues that “[t]he
trial court erred in evaluating the [City’s] Plea to the Jurisdiction as a motion for
summary judgment with a much deeper evidentiary investigation than was warranted.” 
In other words, Madern appears to argue that the trial court improperly delved into
more evidence than was proper for a preliminary ruling on subject-matter jurisdiction. 
          If a plea to the jurisdiction challenges the existence of jurisdictional facts, the
trial court may consider relevant evidence submitted by the parties when necessary to
resolve the jurisdictional issues raised. See Miranda, 133 S.W.3d at 226-29; Bland, 34
S.W.3d at 555 (confining evidentiary review to evidence that is relevant to
jurisdictional issue). When the consideration of a trial court’s subject-matter
jurisdiction requires the examination of evidence, the trial court exercises its discretion
in deciding whether the jurisdictional determination should be made at a preliminary
hearing or should await a fuller development of the case, mindful that this
determination must be made as soon as practicable. Bland, 34 S.W.3d at 554. 
          In his brief, Madern specifically contends that the trial court’s questioning of
Madern’s counsel, at the hearing on the plea to the jurisdiction, regarding whether there
was evidence that the City had knowledge of the condition (a matter relevant to
premises defect, rather than special defect, under the TTCA) was evidence that the trial
court improperly delved into more evidence than was proper for a preliminary ruling
on subject-matter jurisdiction based on his having pleaded a special defect. Here, the
trial court had before it Madern’s third amended petition; his response to the plea to the
jurisdiction; his deposition testimony; a detailed map drawn by Madern, which was
attached to his deposition; the affidavit of Rinehart; and the City’s photograph exhibits
of the location of the manhole. We have no reporter’s record from that hearing and we
thus cannot speculate what else may have been discussed or presented at the hearing
or what the trial court’s complained-of statement meant. The matters proved by the
pleading and evidence, even viewed in the light most favorable to Madern,
affirmatively removed his negligence cause of action from the TTCA’s waiver of
immunity. Simply put, nothing in the record shows that the trial court imposed an
improper evidentiary burden on Madern, as he alleges. 
          We overrule the remainder of Madern’s fifth point of error.        
TTCA Section 101.056
          In his sixth point of error, Madern argues that “[t]he Trial Court Erred to the
Extent It Dismissed [his] Claims on the Ground that the Texas Tort Claims Act Section
101.056 Discretionary Act Exception Preserved Immunity.” The City’s jurisdictional
plea had alternatively asserted that TTCA section 101.056 prevented any waiver of
immunity from suit. 
          TTCA section 101.056 provides for an exception to the TTCA’s waiver, for
discretionary decisions, of sovereign immunity from suit and liability. See Tex. Civ.
Prac. & Rem. Code Ann § 101.056 (Vernon 2005). If a claim does not fall within the
TTCA’s waiver of immunity, then section 101.056’s exception to that waiver of
immunity is irrelevant; a defendant need not rely on an exception to the waiver of
immunity from suit if there is no waiver of immunity in the first place. We have
already held that the TTCA does not waive the City’s immunity from suit for Madern’s
negligence claim. Given that disposition, we need not reach Madern’s argument under
his sixth point of error regarding the propriety of the trial court’s ruling under section
101.056.
Conclusion
          We affirm the judgment in all respects except to the extent that it dismissed
Madern’s declaratory-judgment action, to which extent we reverse the judgment. We
remand the cause.                                                     
                                                             
 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Higley, and Bland.